## Bergman's Appeal.

1. In the distribution of the proceeds of a sheriff's sale of the real estate of Henry *Hackman*, a judgment entered against him in the name of Henry *Heckman* was properly allowed to participate therein as against subsequent liens correctly entered.

2. The Act of Assembly requiring judgment-dockets and indexes to be kept, provides for notice rather to the eye than to the ear, although it may not wholly exclude the latter.

3. Myer *v.* Fegaly, 3 Wright 429, followed, and Heil and Lauer's Appeal, 4 Wright 453, distinguished.

November 15th 1878.   Before SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   AGNEW, C. J., and WOODWARD, J., absent.

Appeal from the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1878, No. 144.

Appeal of G. F. Bergman from the decree of the court dismissing the exceptions and confirming the report of the auditor to award distribution of the proceeds of the sheriff's sale of the real estate of John Henry Hackman.

The levari facias under which the fund for distribution in this case was realized, was issued upon a judgment recovered at June Term 1877, upon a mortgage given by John Henry Hackman to Henry F. Eggers, upon certain lots of ground in Allegheny City, and by the latter afterwards assigned to Casper Will.   This mortgage bore date the 19th of August 1874, and was duly recorded on the 21st of the same month.

The sheriff having applied this fund, after payment of costs and taxes, to the judgments of C. F. Kenneweg and Eggers, to the exclusion of the judgment of G. F. Bergman, the latter thereupon excepted to the sheriff's return making this appropriation, and assigned as the reason for the exceptions that his judgment was a lien on the real estate sold prior to the judgments thus preferred, and consequently entitled to be first paid out of the proceeds of the sale.

The Bergman judgment was recovered on the 8th of November 1872, the Kenneweg judgment on the 3d of December 1873, and the mortgage on which the Eggers judgment was recovered was recorded still later, on the 21st of November 1874.

The defendant in the writ was the owner of the property sold, from the 12th of July 1864 until sheriff's sale thereof on the 8th of June 1877.

It was objected to the Bergman judgment that the defendant in said judgment, though confessedly the same person as the defendant in the writ, was not properly named, and therefore that said judgment was no lien on the premises as against other encumbrances. This raised the only question in dispute.

The auditor, inter alia, reported :—

[Bergman's Appeal.]

" The full name of the defendant in the writ is John Henry Hackman, though he has been in the habit of omitting the first name, John, in writing his signature.   His full name appears in the Eggers judgment.   In the Kenneweg judgment the name is Heinrich Hackman, Heinrich being the German for Henry.   But in the Bergman judgment it is Henry Heckman, the first vowel in the surname being *e* instead of *a*, and was so spelled by mistake, for the judgment was entered by confession upon a judgment-note, which was signed correctly in German characters Heinrich Hackman, but the prothonotary's clerk, who entered it upon the records of the court, and who was not acquainted with the German language, appears to have misunderstood the directions of the persons who delivered it to him for entry as to the spelling of the name. He was directed to spell it Henry Hackman, and, to insure against mistake, he wrote the name at the time on the back of the note as he doubtless understood it, but he committed the same error there as in the entry of the judgment upon the appearance and judgment dockets, spelling it Heckman instead of Hackman.   But while the plaintiff in the Bergman judgment admits this mistake in the surname of defendant, he maintained that it did not amount to a variance, such as would vitiate the lien of the judgment, and insisted that it came within the principle of *idem sonans*.   The decision chiefly relied upon for this position was Myer *v.* Fegaly, 3 Wright 429.

" The auditor, however, cannot concur in this view, and is of opinion that the mistake was material, and that the sheriff was therefore right in rejecting the judgment on the distribution of the money.

" The proof was that Hackman and Heckmen are pronounced differently in the German language, as they certainly are in the English.   In the German language Hackman is pronounced as if spelled in English Hawkman, and Heckman as if spelled Hakeman.   The case of Myer *v.* Fegaly has, therefore, no application, for while Bubb and Bopp were there held to be the same as respects a purchase of real estate from one against whom judgments had been entered in both forms, it was decided that the variance was immaterial only because in the German language they had the same sound. But if the evidence in this case was not only that there is no identity of sound in the pronunciation of Hackman and Heckman, but that these surnames have a different origin and designate different persons and different families.

" In fact, the list of liens in question contains the name of Heckman as a defendant in several judgments, but with the exception of the judgment in dispute so entered by mistake, not one was against the defendant in this writ.

" The auditor, in the conclusion to which he has arrived in this case, relies mainly on the opinion of the Supreme Court in Heil

and Lauer's Appeal, 4 Wright 453, where it was held that in the distribution of the proceeds of a sheriff's sale of the real estate of George P. Yoest, a judgment entered against him in the name of Joest is not entitled to come in as against subsequent liens properly entered, even though the names have the same sound in the German language."

The court dismissed the exceptions filed to this report, and confirmed the same, whereupon this appeal was taken.

*Thomas J. Jack,* for appellant.—The Act of Assembly which requires that judgment dockets and indexes shall be kept, provides for notice to the eye, and not to the ear, so as to furnish to the eye of purchasers and subsequent encumbrances that record notice which the Act of Assembly contemplates: Heil and Lauer's Appeal, 4 Wright 454; York Bank's Appeal, 12 Casey 458. In this case it seems quite reasonable that such should be the case, for no careful examiner looking for liens against John Henry Hackman would pass a judgment entered against Henry Heckman.

In this case the auditor in his report admits that there was an identity of the person, but assigns as his reasons for finding against the exceptant, that there was a variance in a single vowel in spelling the name. Such a variance was held to be immaterial in Myer *v.* Fegaly, 3 Wright 429.

*B. C. Christy* and *J. H. Mueller,* for appellee, adopted the report of the auditor as their argument.

Mr. Justice MERCUR delivered the opinion of the court, January 6th 1879.

This is a distribution of the fund raised by a sheriff's sale of real estate. The lien of the appellant was prior in time to all other liens, but was disallowed by the auditor and by the court below, by reason of alleged error in spelling the name of the defendant in the judgment. The lien of the appellant was entered on a judgment-note, signed in German characters, Heinrich Hackman. When it was filed of record, the prothonotary was directed to spell the name Henry Hackman; but in fact he wrote it on the record Henry Heckman. It appears from the evidence and the finding of the auditor that the full name of the maker of the note was John Henry Hackman; yet he testified that he always omitted the John in writing his name, except on one occasion, and that he pronounces his name, in English, Henry Hackman. His wife testified she was the wife of Henry Heckman; that she never knew any other Christian name for him than Henry; that everybody knew him as Hockman, in German, and Heckman, in English. Their son testified that his father's name was Henry Hackman, but that it was generally pronounced, in the neighborhood, as though the *a* in the first syllable

was *e* instead of *a*.   Hack, in German, he would pronounce Heck, in English.   Another witness thought it was Hackman, but pronounced Hawkman.   Still another heard it called Hartman, in English.   Looking at the origin of the names it appears that Hackman means a chopman, a man who chops; and that Heckman means a brushman or hedgeman, and that the two are pronounced differently in the German language.   We cannot, however, consent that a difference of meaning in the signification of names in their original language, shall control the question now presented.   In a search for liens, the appearance of the name to the eye, and its sound to the ear, are more important.   The initial letter of the name being undoubted, allowance must be made for slight differences in the spelling.   When, as here, the two names are Hackman and Heckman, the difference is so little, it should put one interested on inquiry.   That inquiry thereupon became a duty.   Slight investigation would have disclosed the fact to the appellees that Hackman and Heckman were one and the same person, and that the appellant had a prior lien.

This case appears to have been decided by the auditor on the authority of Heil and Lauer's Appeal, 4 Wright 453.   The correctness of that case on its facts, we do not question; but we see no reason for holding that it leads to the conclusion at which the auditor arrived.   It was there held, the fact the name was spelled Jöest, in German, and Yoest, in English, was insufficient to establish the identity of the names as against a lien-creditor.   It was therefore said that in searching for a name, the initial letter of which was Y., a purchaser or encumbrancer should not be required to examine the index through the letter J.   Where, however, both names have the same initial letter a different rule applies.   The eye is naturally directed to names otherwise slightly different.   Thus where the correct name was Bopp, and on the judgment-docket was written Bupp, substituting *u* for *o*, the lien was held good as against one claiming under Bopp: Myer *v.* Fegaly, 3 Wright 429.   It is true some weight was given to the fact that, according to the German pronunciation, the sound of both names was identical.   In Heil and Lauer's Appeal, *supra*, it was held that *idem sonans* does not apply to judgments entered in different initials from the usual and ordinary form in which the name was spelled in the English language.   The Act of Assembly requiring judgment-dockets and indexes to be kept, provides for notice rather to the eye than to the ear, although it may not wholly exclude the latter.   We cannot discover any greater variance, either to the eye or to the ear, between Hackman and Heckman, than between Bopp and Bupp.   In each case the departure consists in the substitution of one vowel for another, in the second letter of the name.

Decree reversed, and record remanded with instructions to decree distribution conformably with this opinion.