FAUST *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 687. Submitted January 9, 1896. — Decided May 25, 1896.

The defendant's name need not be correctly spelled in an indictment, if substantially the same sound is preserved.

On the trial under an indictment against an assistant postmaster for embezzling money-order funds of the United States, it being proved that he was the son and assistant of the principal postmaster, and as such had the sole management and possession of the money-order business and money-order funds during the entire term, a certified transcript from the office of the Auditor of the Treasury at Washington, showing the account of the postmaster, is admissible in evidence.

It was no error on such trial to refuse to admit evidence tending to show that another person than the defendant, at a time anterior to the time of the commission of the offence charged, had committed another and

different offence than the one herein charged, and that said other person had been indicted and convicted thereof.

It was within the discretion of the court below to permit a witness who had been examined and cross-examined to be recalled in order to make some change in the statements made by him on cross-examination.

The objection that the charge as a whole was misleading is without merit.

The sixth assignment is based on the refusal of the court to charge the jury that the embezzlement must be proved to have taken place without the consent of the defendant's principal or employer. It was claimed that as the indictment failed to charge that the defendant embezzled any money without the consent of his principal or employer, and as the postmaster employed the defendant, the defendant's responsibility was to the postmaster, and not to the government. *Held* that it had no merit.

The remaining assignments are without merit.

In the District Court of the United States for the Northern District of Texas the defendant, plaintiff in error, was indicted, December 21, 1893, and subsequently tried, for feloniously embezzling certain money-order funds of the United States. On April 18, 1895, he was found guilty under the second count of the indictment, which alleged that on April 6, 1893, he was assistant postmaster at Thornton, in the county of Limestone, within the district aforesaid, and as such assistant postmaster had in his possession and control money-order funds to the amount of $400, and did unlawfully and feloniously embezzle and convert the same to his own use. He was sentenced to imprisonment in the penitentiary, and thereupon he applied for and obtained a writ of error from this court.

On the trial the defendant entered a plea of misnomer, as follows:

" And now comes W. J. Foust in his proper person, who is indicted by the name of W. J. Faust, and having heard the said indictment read, says that he was baptized in the name of W. J. Foust, and by that name always since his baptism hereto has been called and known, and by no other name has he ever been known or called, and this he, the said W. J. Foust, is ready to verify. Wherefore he prays judgment of the said indictment, and that the same may be quashed."

The court overruled this plea, and the defendant took an exception. At the suggestion of the attorney for the United

States the defendant was requested to suggest his true and proper name, in order that it might be inserted in the indictment and entered on the docket. This the defendant declined to do.

Exceptions were also taken by the defendant to the rejection of certain evidence offered on his behalf, and to the admission of certain evidence introduced by the government; and to the court's refusal to charge the jury as the defendant requested, and to certain portions of the charge which were given.

*Mr. A. H. Garland* and *Mr. R. C. Garland* for plaintiff in error. *Mr. Richard H. Harrison* was on the brief.

*Mr. Assistant Attorney General Whitney* for defendants in error.

MR. JUSTICE SHIRAS delivered the opinion of the court.

In the indictment the defendant was described as one W. J. Faust, whose Christian name was to the grand jurors unknown. There was filed a plea of misnomer, in which the defendant averred that he had been baptized in the name of W. J. Foust, and that he had always been known and called by that name, and prayed that the indictment might be quashed. This plea was overruled, as was likewise a motion to quash the indictment on the ground that defendant's name was W. J. Foust, and not W. J. Faust, as it appeared in the indictment.

In this we see no error. A name need not be correctly spelled in an indictment, if substantially the same sound is preserved. The following are cases in which the variance between the names as alleged and as proven was at least as great as in the present, and in which it was held that the variance was not material: *Bubb* and *Bopp*, 39 Penn. St. 429; *Heckman* and *Hackman*, 88 Penn. St. 120; *Hutson* and *Hudson*, 7 Missouri, 147; *Shaffer* and *Shafer*, 29 Kansas, 337; *Woolley* and *Wolley*, 21 Arkansas, 462; *Penryn* and *Pennyrine*, 14 Maryland, 121.

The second assignment alleges error in the action of the court in admitting in evidence, on the part of the government, a certified transcript from the office of the Auditor of the Treasury at Washington, showing account of J. E. Foust, postmaster at Thornton, Texas, from October 10, 1891, to May 20, 1893, showing balance due of $744.18.

This was objected to, because said transcript did not purport to be a transcript from the money-order account books of the Post Office Department of the account of W. J. Foust, the defendant, and could not tend to prove any issue in the case against W. J. Foust.

The indictment was against W. J. Faust as assistant postmaster, and it was proved that he was the son and assistant of the principal postmaster, and as such had the sole management and possession of the money-order business and money-order funds during the entire term. It is scarcely necessary to say that there is no merit in this assignment of error.

The substance of the third assignment is the refusal of the court to admit evidence tending to show that another person than the defendant, at a time anterior to the time of the commission of the offence charged, had committed another and different offence than the one therein charged, and that said other person had been indicted and convicted thereof. This evidence was properly rejected as irrelevant and immaterial.

The fourth assignment complains of the refusal of the trial court to permit a witness who had been examined and cross-examined to be recalled in order to make some change in the statements made by him on cross-examination. This was plainly a matter within the discretion of the court below.

In the fifth assignment the charge as a whole is objected to as misleading, and also because it took from the jury the vital point at issue in the case.

Our reading of the charge does not support either of these objections.

We perceive no misdirection nor any statements calculated to confuse the jury. The jury were explicitly told that they were the judges of what the evidence was and of its weight.

The sixth assignment is based on the refusal of the court to

charge the jury that the embezzlement must be proved to have taken place without the consent of the defendant's principal or employer. It was claimed that as the indictment failed to charge that the defendant embezzled any money without the consent of his principal or employer, and as the postmaster, J. E. Foust, employed the defendant, the defendant's responsibility was to the postmaster, and not to the government. We see no merit in this assignment.

We have examined the remaining assignments and have found nothing therein set up of which the defendant has just reason to complain, and the judgment of the court below is accordingly

*Affirmed.*