# Delaney *v.* Becker.

*Judgment—Index—Idem sonans—Priority of lien.*

Where there is no other means of notice but the record, a prior judgment creditor will be postponed in distribution where he has neglected to have it entered either in the correct name of the defendant, or in the name in which he took and held title to the land, or in a name which, though spelled differently, is practically identical in sound with the sound of the correct name as commonly pronounced.

In the vernacular the names Baker and Becker are not the same in sound, nor are they so nearly so that it is a matter of indifference whether a judgment against a person of either name is docketed and indexed in the name of Baker or the name of Becker.

Argued May 10, 1900. Appeal, No. 153, April T., 1900, by Chas. Angloch, executor, in suit of Thomas Delaney, against George A. Becker, from judgment of C. P. No. 2, Allegheny Co., April T., 1898, No. 122, dismissing exceptions to auditor's report. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by RICE, P. J.

Exceptions to auditor's report. Before SHAFER, J.

It appears from the record that the fund in court for distribution arose on the sale of the property of George A. Becker.

There appeared on the record three judgments, the first judgment being recorded against George A. Baker, the fourth judgment against George A. Baker, as were also the fifth and sixth, the second and third being registered against George A. Becker. The auditor held that the first judgment, in point of lien, having been entered against George A. Baker, was not notice to bona fide purchasers or creditors of George A. Becker and was not therefore entitled to share in distribution. The court below sustained exceptions to the auditor's report and permitted the judgment to participate in the distribution. Charles Augloch, executor, being the plaintiff in judgment No. 2, appealed.

*Error assigned* among others was (3) in permitting the judgment against George A. Baker to participate in the distribution.

*Albert N. Hunter*, for appellant.—The Christian name and the initial letter of the surname being correct, the appearance of the remainder of the surname to the eye and its sound to the ear are both to be considered and slight variations of sound or spelling must be allowed for by the searcher, and he is put upon inquiry where the similarity is great: Bergman's Appeal, 88 Pa. 120.

Where the Christian names of the partners of a firm who had given a judgment signed with the firm name were not set out upon the judgment docket on entry of the judgment, it was held without effect, as a lien against subsequent purchasers and lien creditors without notice: Smith's Appeal, 47 Pa. 128; Ridgway's Appeal, 15 Pa. 177; York Bank's Appeal, 36 Pa. 458.

It is the duty of the holders of judgments to see that they are properly entered so as to furnish to the eye of purchasers and subsequent incumbrancers, that record notice which the act of assembly requires, and it being in the wrong initial it is not notice to subsequent judgment creditors: Heil's Appeal, 40 Pa. 453.

It is now well settled law and can hardly be questioned at this day that the omission of the middle letter in a name on the judgment index is fatal to a lien as against bona fide purchasers: Wood v. Reynolds, 7 W. & S. 406; Hutchinson's Ap-

peal, 92 Pa. 186; Crouse v. Murphy, 140 Pa. 335; Massey v. Noon, 1 Pa. Superior Ct. 198.

The learned court below was of the opinion that the case at bar was ruled by Bergman's Appeal, 88 Pa. 120, rather than by Crouse v. Murphy. We suggest that to hold that the name Baker and Becker come within the rule laid down in Bergman's Appeal is certainly very dangerous to the title examiner.

*S. A. Will*, for appellee.—There can be no distinction in the duties between purchasers and judgment creditors as to search for liens: Hutchinson's Appeal, 92 Pa. 186.

Besides, whoever deals with a man on the credit of his real estate is bound to know what appears in his recorded title: Crouse v. Murphy, 140 Pa. 335.

The court below decided this case on the principle idem sonans: Myer v. Fegaly, 39 Pa. 429; Cadden's Est., 26 Pa. Law Jour. 171.

In Siedel v. Bauer, 3 Penny. 448, the grantor is named in the deed as Jonathan Weber but he signed his name as Jonathan D. Weeber. A search against Jonathan Weber was held not sufficient.

OPINION BY RICE, P. J., July 26, 1900.

The defendant was the owner of two pieces of real estate. One was deeded to him in the name of Adam Baker and the other in the name of George A. Becker. Subsequently judgments on confessions were entered against him and docketed and indexed as follows: (1) George A. Baker; (2) George A. Becker; (3) George A. Becker; (4) George A. Baker; (5) George A. Baker; (6) George A. Baker, subsequently changed by amendment to George A. Becker. His true name is George A. Becker, but he was known in the community in which he lived by both names, Baker and Becker. It does not affirmatively appear that the appellant knew this latter fact. An execution was issued on the third judgment, by virtue of which both pieces of land were levied on and both were sold; but the bid for the first mentioned piece not having been complied with, the fund for distribution was raised, exclusively, by the sale of the land, the title to which was taken in the name, George A. Becker.

The appellant contends that the first judgment, though prior in date, should be postponed in the distribution, because it was not docketed and indexed against George A. Becker, the true name of the defendant, the name by which he took title to the land, and the name given in the execution and subsequent proceedings by which the fund was raised. This was the view taken by the auditor. The court, however, took the view in a carefully considered opinion, that the Christian name and the initial letter of the surname being correct, the appearance of the remainder of the surname to the eye and its sound to the ear are both to be considered, and slight variations of sound or spelling must be allowed for by the searcher, and he is put upon inquiry where the similarity is great. Accordingly, the distribution reported by the auditor was overruled and the fund awarded to the first judgment.

The question presented for our decision is not complicated by any doubt as to the identity of the defendant. Both judgments were entered against the same person, and, as against him, each was a valid judgment: York Bank's Appeal, 36 Pa. 458; Crouse v. Murphy, 140 Pa. 335.

The evidence adduced on the hearing before the auditor is not printed; therefore, in the absence of a specific finding by him or by the court below that the second judgment creditor had notice in some other way, we must assume that he had no notice of the first judgment except the constructive notice the record of that judgment gave. As a general rule a searcher is not bound to go to the files to ascertain from the confession signed by the defendant whether it is properly docketed: Ridgway's Appeal, 15 Pa. 177; and even if he had taken that precaution in the present instance it does not appear that he could have ascertained that the name George A. Becker, and not the name George A. Baker as indicated by the docket, was signed to the confession. The witnesses differed in opinion as to whether the signature is Baker or Becker, and neither the auditor nor the court undertook to decide the question. In so doubtful a case it was the duty of the plaintiff in the judgment to furnish the proper information to enable the prothonotary to perform his duty: Act of April 22, 1856, P. L. 532, sec. 3. Presumably the judgment was docketed and indexed as the plaintiff intended it to be.

It is stated in the appellee's brief that the defendant was in the habit of signing his name " Baker " as well as " Becker," also that the appellant is a German and presumably knew that in German both names are pronounced the same. Neither of these facts has been found by the auditor or the court below; therefore the allegation must be disregarded.

It is suggested further, and this was practically conceded in the argument, that the defendant is a German, and that amongst native born Germans or persons of German extraction the name Becker has the sound of Baker. This latter fact may be known to Germans and to persons familiar with that language, but it is not a matter of common knowledge except, perhaps, in what are known as the German counties. Baker is an English name and is pronounced by the generality of people as it is spelt. Many of those who began with it in learning to spell words of two syllables would find it difficult to believe, after this lapse of time, that there are two ways of spelling Baker. Certainly it cannot be, that, if the defendant in a judgment is a German or a person of German extraction, a different rule applies, than applies to the case of a judgment against a defendant of English or American parentage or extraction. This is not the doctrine of the case of Myer v. Fegaly, 39 Pa. 429, nor, as we shall presently attempt to show, of Bergman's Appeal, 88 Pa. 120. In the first cited case the defendant's name as he spelt it was Bubb, but in the judgment docket it was written Bobb. The principle of idem sonans was held to apply, because, according to the German mode of pronunciation prevailing in Lancaster county, the two names although slightly variant in spelling were precisely the same in sound. The underlying principle of that decision is found in this excerpt from the opinion of Chief Justice LOWRIE: " Even the language of a people, usually the most universal of its customs, is subject to local differences, which must be respected in the ascertainment of rights. The language spoken in some of the old German parts of this state, is a special custom of this sort." Whether or not this is a principle of general application, it certainly does not apply here; for it is not a proven fact, nor a matter of which the courts have judicial knowledge, that, in the common speech of the people of Allegheny county, the names Baker and Becker have the same pronunciation. For a further discussion of

Myer v. Fegaly and an authoritative statement of the precise point ruled by it, we refer to the opinion of the late Justice WILLIAMS in Crouse v. Murphy, 140 Pa. 335.

We have sought by these preliminary observations to show that the case is simple in the sense that it is free of complications. It is a pure question of law and must be decided on general principles. Baker is an English name. In the vernacular the names Baker and Becker are not the same in sound. Are they so nearly so, that it is a matter of indifference whether a judgment against a person of either name is docketed and indexed in the name of Baker or the name of Becker? If this be the law, then, although the recorded title to the land was in the name of George A. Becker, the owner's true name, purchasers and creditors of George A. Becker were bound, if they wished to protect themselves before buying or giving credit, to search the judgment dockets for liens against George A. Baker as well as against George A. Becker. The principle invoked would apply in innumerable cases, as for example, to the names Hakes and Hicks, Cole and Cull, Daley and Dilley, Gates and Getz, Barr and Burr, Barry and Berry, Hall and Hale, Lewis and Luce, Bates and Betts, Taylor and Teller, and so on indefinitely.

The general rule of idem sonans has been accurately and clearly stated to be " that absolute accuracy in spelling names is not required in legal documents or proceedings, either civil or criminal; that if the name as spelled in the document though different from the correct spelling thereof, conveys to the ear when pronounced according to commonly accepted methods, a sound practically identical with the sound of the correct name as commonly pronounced, the name as thus given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error: " 16 Am. & Eng. Ency. of Law, 122. In the practical application of the rule, greater strictness ought to be observed where the question of constructive notice to purchasers and creditors is involved, than where the question is as to identity of a person named in pleadings. It is certainly not too strict a construction to hold that one test is whether or not the attentive ear finds difficulty in distinguishing the two names when pronounced. If not, and the similarity in the forms of the names when written, the appearance to the eye, is not such that an ordinary person looking for one, would

.have his attention naturally attracted to, and arrested, by the other, we do not think it can be safely held that the prior judgment creditor has done his full duty by having his judgment docketed and indexed in the incorrect name. When once the rule is departed from, that there must be such correspondence as above indicated between the name given in the docket and the name in which the defendant has taken and recorded his title, this being his true name, it will be difficult, nay impossible, for the searcher to determine what degree of variation in sound or in spelling the courts will regard as material. To say to him that if the variation is slight and the similarity great he is affected with notice, is to leave him to speculation as to what the court will be likely to decide as each surname having resemblance to any other comes up for adjudication. Rather than leave this uncertainty, it would seem preferable to hold, that, the Christian name and the initial letter of the surname being correct, the substitution of one vowel for another in the second letter of the surname is immaterial, although this may make a difference in sound easily distinguishable by the ordinary person giving ordinary attention. This rule would add greatly to the labor and care of the searcher, but it would have the merit of being to him a certain guide. Whatever may be the rule deducible from the decision in Bergmann's Appeal, certainly Mr. Justice MERCUR who delivered the opinion of the court did not state it so broadly. He said : " We cannot, however, consent that a difference in the signification of names in their original language, shall control the question now presented. In a search for liens, the appearance of the name to the eye, and its sound to the ear, are more important. The initial letter of the name being undoubted, allowances must be made for slight differences in spelling. When, as here, the two names are Hackman and Heckman, the difference is so little, it should put one interested on inquiry. That inquiry thereupon became a duty. Slight investigation would have disclosed the fact to the appellees that Hackman and Heckman were one and the same person, and that the appellant had a prior lien." This, then, is an exception to the general rule, heretofore stated, that a subsequent purchaser or judgment creditor is not bound to look beyond the judgment docket. In that case, as Justice MERCUR was careful to state, the judgment note upon which judgment was entered was

signed with the defendant's correct name Heinrich Hackman, but the prothonotary by mistake entered it on the docket as Heckman. A "slight investigation," an examination of the judgment note, would have disclosed to the subsequent judgment creditor that the judgment was confessed by a man of precisely the same name as the man with whom he was dealing. We cannot agree that the resemblance to the eye and to the ear between the names Baker and Becker is as great as the resemblance between the names Hackman and Heckman. The letter " c " in Becker adds nothing to distinguish it from Baker in sound. But the index is addressed to the eye and in the appearance to the eye the letter " c " aids materially in distinguishing the two names. In looking for one, it is by no means certain that a careful searcher would see the other. Granting however, that it was the duty of the appellee in the present case to make the same investigation it has not been shown that he would have got the same information. Moreover it does not appear in the report of the Bergmann case, as it does in this case, in what name the defendant's recorded title stood at the time the liens were entered. This is a fact of great importance in determining disputes of this kind, as is clearly pointed out in Crouse v. Murphy. It appeared in that case, that Murphy, in the transaction of his business, used his name in various forms, but Daniel J. Murphy was his full name, his recorded deed for the land in question was in that name, and there was nothing on the face of the title to lead a prudent purchaser or judgment creditor to inquire further as to the name commonly used by him. (See Butts v. Cruttenden, post, p. 449.) It was held that a purchaser was not affected with notice of a prior judgment entered on a judgment note signed by the defendant with the name Daniel Murphy and so docketed and indexed. Speaking of the respective duties of the judgment creditor and the purchaser, the court said: "Murphy's title was on record. Whoever dealt with him on the credit of his real estate was bound to know what appeared in his recorded title. It was as much the duty of one who was about to trust him with money or goods, because of his ownership of land, to know how and by what name he held it, as it was the duty of one about to purchase the land to make the same inquiries. If the creditor neglected his, he must lose. Because the creditor

in this case did neglect to examine the record, he has a note signed with only part of the maker's name, on which judgment has been entered. With no notice of the habit of his vendor to sign notes in several different ways," (if the appellant here had such notice it does not appear), "and with no means of notice of liens but the record, the purchaser examined, exhausted the means of knowledge within his reach, and, finding no lien against Daniel J. Murphy, or D. J. Murphy, settled with his vendor, and took his deed. If one of these parties must loose, in good conscience it should be he whose neglect to avail himself of the information which the record could have given him, made the loss by one or the other inevitable." These remarks are instructive, and more to the point, are applicable here. Upon the same equitable principle the appellee's judgment should be postponed, because he neglected to have it entered either in the correct name of the defendant, or in the name in which he took and held title to the land, or in a name, which, though spelled differently, is practically identical in sound with the sound of the correct name as commonly pronounced.

The decree is reversed at the costs of the appellee, and the record is remitted to the court below with directions to make distribution in accordance with the first report of the auditor.