### ALEXIS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1904.)

No. 1,134.

1. LARCENY FROM THE MAILS—INDICTMENT—STAMPED PACKAGE.

In a prosecution under Rev. St. U. S. § 5467 [U. S. Comp. St. 1901, p. 3691], for larceny from the mails, an indictment charging that the stolen package had been placed in the mail, and came into defendant's possession in his capacity as a mail clerk, was sufficient to authorize the admission of evidence that the package had been stamped, and the manner of such stamping.

**2. SAME—NAMES OF PERSONS—IDEM SONANS.**

Where an indictment charged defendant with extracting from the mails, embezzling, and stealing the contents of a package addressed to "L. Krowder," evidence that the package was addressed to "L. Krower" did not constitute a variance, such names being idem sonans.

**3. SAME—TRIAL—REOPENING CASE.**

Where there was nothing in defendant's affidavit accompanying his application to have the case reopened, and to be permitted to introduce further evidence after the testimony had been closed, either as to the nature of the evidence sought to be added, as to the witnesses by whom it was expected to be given, or the reason why it had not been offered sooner, to require the granting of the application, it was not an abuse of the court's discretion to deny the same.

**4. SAME—REQUESTS TO CHARGE.**

Where, in so far as requests to charge were correct, they were given by the court, either in modifications thereto or in the general charge, and each of them contained matter that was either erroneous, or not pertinent to the proof, the requests were properly denied.

**5. SAME—INSTRUCTIONS—WITNESSES—CREDIBILITY OF ACCUSED.**

Where the court charged that defendant had a perfect right to testify, and, having done so, his testimony should be treated like that of any other witness, and that it was for the jury to find whether or not he had told the truth, it was not error to add that, in considering defendant's testimony, which, if true, entitled him to an acquittal, the jury should consider the very grave interest which he had at stake in the case.

**6. SAME—REASONABLE DOUBT.**

Where the court properly charged the law relating to reasonable doubt, and declared that defendant was presumed to be innocent, and that such presumption obtained until the government convinced the jury beyond a reasonable doubt that he was guilty, it was not error to add that, if a doubt arose which was an unreasonable doubt, the jury should pay no attention thereto.

**7. SAME—OMITTED INSTRUCTIONS.**

The omission of the court to give instructions that were not requested by defendant was not ground for reversal.

**8. SAME—NEW TRIAL—PRESENCE OF DEFENDANT.**

A defendant in a criminal case has no right to be personally present at the hearing of a motion in his behalf for a new trial, and his absence at such hearing will not invalidate a sentence subsequently passed on him.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

W. W. Howe, U. S. Atty.

W. O. Hart, for defendant.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The indictment in this case contains two counts, each based on the last paragraph of section 5467 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 3691], which is substantially as follows:

"Any such person (that is, any such post office employé) who shall steal any of the things aforesaid (that is, the contents out of any letter, packet, bag or mail of letters) which shall have come into his possession, either in the regular course of his official duties, or in any other manner whatever, and provided the same shall not have been delivered to the party to whom it is directed, shall be punishable by imprisonment at hard labor," etc.

¶ 8. See Criminal Law, vol. 15, Cent. Dig. § 2412.

The charging part of each of these counts was, substantially, that on the 16th day of February, 1900, at the city of New Orleans, the defendant, being then and there employed in a department of the postal service of the United States, to wit, as a clerk in the post office at the city of New Orleans, did unlawfully, willfully, and feloniously steal, take, and carry away (certain articles named), all being the property of one F. M. Hamilton, and the (articles named) were then and there stolen and taken as aforesaid by the said George D. Alexis from and out of a certain package then lately "put into the mail" of the United States at the post office in said city of New Orleans, and which then and there had come into his possession in his capacity as such clerk, as aforesaid, and by virtue of his said office and employment; and the said package was directed in the tenor following, that is to say, "John W. Francis, care of W. R. Irby & Co., New Orleans, La.," and had not been delivered to the party to whom the same was directed, contrary to the form of the statute, etc. In the second count the articles named were different, the ownership laid the same, and the count in other respects the same, except that it alleges that the said package was directed in the tenor following; that is to say, "Leonard Krowder, New Orleans, La." There was a general verdict of guilty on both counts, and the accused was sentenced to imprisonment at hard labor for a term of one year and one day. This sentence does not exceed the punishment that might have been imposed on either one of the counts of this indictment.

The first, third, and fifth errors assigned relate to the admission of evidence in reference to the fact of the package having been stamped, the manner in which it was stamped, and the absence of an allegation in the count as to its having been stamped at all. These assignments are not well taken, because it was not necessary to allege that the package was stamped. Neither the language of the provision of the statute under which the indictments were found nor the reason of the statute requires any such allegation. The indictment having charged that the package then lately put into the mail had come into his possession in his capacity as such clerk was sufficient averment on that point to admit the evidence over defendant's objection taken when the evidence was offered. United States v. Hall (D. C.) 76 Fed. 568.

The second assignment is not well taken. It is in these words:

"Because the court erred in allowing L. S. Woods, a witness on behalf of the United States, to testify on December 20, 1901, regarding the contents of the package said to have been addressed to L. Krower, when the indictments charge defendant with abstracting, embezzling, and stealing the contents of a package addressed to L. Krowder."

The tenth assignment presents the same question.

"A name need not be correctly spelled in an indictment, if substantially the same sound is preserved. The following are cases in which the variance between the names as alleged and as proven was at least as great as in the present, and in which it was held that the variance was not material: Bubb and Bopp [Myer v. Fegaly], 39 Pa. 429 [80 Am. Dec. 534]; Heckman and Hackman [Bergmann's Appeal], 88 Pa. 120; Hutson and Hudson [Cato v. Hutson], 7 Mo. 147; Shaffer and Shafer [Rowe v. Palmer], 29 Kan. 337; Woolley and Wolley

[Power v. Woolley], 21 Ark. 462; Penryn and Pennyrine [Elliott v. Knott], 14 Md. 121 [74 Am. Dec. 519]." Faust v. United States, 163 U. S. 452, 16 Sup. Ct. 1112, 41 L. Ed. 224.

The fourth assignment of error is directed to the action of the court in not reopening the case for further evidence after the testimony had been closed. There was nothing in the affidavit accompanying the application either as to the nature of the evidence sought to be added to what had already been received, or as to the witnesses by whom it was expected to be given, or as to reason why they had not been offered sooner, to require the reopening of the taking of proof. The motion was addressed to the discretion of the trial judge, and his discretion was properly exercised.

The sixth, seventh, and ninth assignments of error are based on the refusal of the judge to give certain requested charges. So far as these requests were correct, they were given by the judge, either in certain modifications thereof that he made and gave, or in his general charge, and for this reason, and also because each of them contained matter that was either not sound or not pertinent to the proof, they were rightly refused.

The eighth error assigned is substantially embraced in the seventh.

The eleventh error assigned is because the court erred in the general charge in giving this part thereof to the jury, to wit:

"Therefore I say to you, in considering the testimony of the defendant, which, if true, entitles him to acquittal, you are to consider the very grave interest that he has at stake in this case."

This is only the closing line of the judge's charge on this subject. This is the context:

"When a defendant in a case of this kind takes the stand (which he has a perfect right to do), he is subjected to all the obligations of a witness, and his testimony is to be treated like the testimony of any other witness; that is to say, it will be for you to say, remembering the matter of his testimony, and the manner in which he gave it, his cross-examination, and everything else in the case, whether or not he told the truth. Then, again, it is for you to remember—you have a perfect right to do so, and it is your duty to do so —the very grave interest the defendant has in this case. Now, that does not mean, and you must not understand me to say that it means, that whenever a man is accused of a crime, and takes the stand in behalf of himself, he will naturally commit perjury; but, of course, as he places himself as a witness, he stands like any other witness. But his interest, or bias, or anything else that may affect his testimony, is a matter which, of course, the jury is bound to take into consideration. Therefore I say to you, in considering the testimony of the defendant, which, if true, entitles him to an acquittal, you are to consider the very grave interest which he has at stake in this case."

This charge is not erroneous. Reagan v. United States, 157 U. S. 301–311, 15 Sup. Ct. 610, 39 L. Ed. 709.

The twelfth error assigned is:

"Because the court erred in the general charge by giving this part thereof to the jury, to wit: 'Of course, if a doubt arising in your mind is an unreasonable doubt, you should pay no attention to that doubt.'"

The judge had, in the language used by the defendant's counsel in one of his requests, given the jury the following:

"The case of the United States against the defendant must be made out completely to your satisfaction, and beyond all reasonable doubt."

Afterwards, in the general charge, he instructed the jury thus:

"In a case of this kind you cannot find the defendant guilty, unless you are satisfied of his guilt beyond a reasonable doubt. You must remember that in a criminal case the amount of proof that is required on the part of the government is different from the amount of proof that is required of the successful party in a civil suit. In a civil suit the verdict goes in favor of the party who has the preponderance of proof. That means the party who has more proof than the other side. But in a criminal case you start out with the presumption that the man brought to the bar of the court is an innocent man, and the jury sit in their seats, and await the time, if it ever comes, when the government convinces them beyond a reasonable doubt that the man is guilty. Whenever that condition of things is produced in your minds, then it is your bounden duty to find the defendant guilty, regardless of what the consequences may be; and if you are satisfied beyond a reasonable doubt that the defendant is guilty, then you have no right to withhold that verdict simply because of some question of sentiment on your part, or some question of mercy, or some question of prejudice. * * * While I have said to you that you must be convinced beyond a reasonable doubt, do not make the mistake to believe that you must be satisfied beyond all possible doubt, because that is not the law, and it would not be reasonable, either, that you must be satisfied beyond every possible doubt. There is nothing certain except in the domain of mathematics. I do not know what could be proven beyond all possible doubt. All that you are called upon to do is to determine whether or not this defendant has been proven to you to be guilty in such a way that there is no reasonable doubt arising in your minds. Of course, if the doubt arising in your minds is an unreasonable doubt, you should pay no attention to that doubt. But if, as reasonable men, considering a matter of grave importance, you should come to the conclusion that a certain amount of proof establishes that conclusion in such a manner that you have no reasonable doubt about it, then that is the condition of mind in which you must be before you find this man guilty; but you are not required to go beyond that and be convinced beyond every possible doubt."

The thirteenth assignment of error is:

"Because the court erred in not specially charging the jury as to their duties under each count of the indictment, and that they might acquit as to one and convict as to the other."

It is no ground for reversal that the court omitted to give instructions that were not requested by the defendant. Isaacs v. United States, 159 U. S. 487, 16 Sup. Ct. 51, 40 L. Ed. 229.

The fourteenth assignment of error presents an action of the trial judge which is not reviewable in this court.

The fifteenth assignment of error—that the court erred in overruling the motion in arrest of judgment—is disposed of by the action we have taken on the previous assignments. The grounds of that motion were the same as the suggestions of error we have already considered.

The sixteenth and last error assigned is:

"The court erred in hearing and deciding the application made for a new trial when defendant was not present in court."

"A defendant in a criminal case has no right to be personally present at a hearing of a motion in his behalf for a new trial, and his absence will not invalidate a sentence subsequently passed upon him." This is the syllabus to the case of Commonwealth v. John S. Castello, 121 Mass. 371, 23 Am. Rep. 277. Judge Gray, who delivered the opinion in that case, uses this language:

"The rule that the defendant has a right to be present at every step of the proceedings against him in behalf of the commonwealth, from arraignment

to sentence, does not apply to a motion for new trial, which is not a necessary step in those proceedings, and is not made by the commonwealth, but by the defendant himself, and is addressed to the discretion of the court, and is not followed by any new judgment against him."

Montgomery v. United States, 162 U. S. 410, 16 Sup. Ct. 797, 40 L. Ed. 1020; Coffin v. United States, 162 U. S. 664, 16 Sup. Ct. 943, 40 L. Ed. 1109; Sparf and Hansen v. United States, 156 U. S. 51, 15 Sup. Ct. 273, 39 L. Ed. 343—are referred to in support of the general views advanced in the foregoing opinion.

Having noticed the numerous grounds of error assigned, we find them all without merit, and the judgment is therefore affirmed.