**FARABAUGH et ux. v. BALTIMORE & O. R. CO.**

**Civ. No. 142.**

United States District Court
W. D. Pennsylvania.

March 30, 1951.

206

John A. Bowler, Erie, Pa., for plaintiff.

Vincent M. Casey (of Casey, Power & Savage), Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This matter relates to a motion for new trial.

The plaintiff is a resident of Pennsylvania and the defendant a Maryland corporation. The accident occurred in Pennsylvania.

■■ Federal jurisdiction is based solely on diversity of citizenship. The Court must, therefore, apply the law of the state in which the action is brought, including such state's conflict of laws rules. Reference must, therefore, be made to the place of the tort for the legal effect to be given the facts and evidence. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 166 F.2d 908; Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Pennsylvania law, therefore, applies.

Bernard A. Farabaugh and Anna Farabaugh, his wife, brought action against the defendant for damages resulting from the alleged negligence of the defendant, in causing a collision between defendant's train and the automobile owned and operated by Bernard A. Farabaugh. Anna Farabaugh was a passenger in said automobile. The actuality of the accident is not disputed. It occurred at about 12:30 P. M., on November 25, 1948, at Leeper, Pennsylvania, when the plaintiff's automobile, proceeding southwardly on Pennsylvania Highway Route No. 36, was struck on the right side by the defendant's train, at an unguarded railroad crossing.

The case was administered by jury trial and verdict returned in favor of the defendant, Baltimore and Ohio Railroad Company. Interrogatories were submitted to the jury, each of which was answered consistent with the verdict. The jury found in answer to the interrogatories that the defendant was not guilty of negligence and that the accident was caused by the contributory negligence of the plaintiff, Bernard A. Farabaugh.

It is contended in the motion for new trial—(1) The verdict was against the evidence. (2) The verdict was against the weight of the evidence. (3) The verdict was against the law. (4) The verdict was against the charge of the Court.

■ It is my duty to recognize that the Court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the Court regards another result as more reasonable. Tennant, Administratrix, v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. R. Co., 3 Cir., 182 F. 2d 793.

It is earnestly presented that it was error, over objection of the plaintiff, to permit the defendant to recall an employee witness for further direct examination, which was subsequent to a recess and after the witness had been examined on direct and cross-examination.

The testimony of said witness was materially changed as to the circumstances which existed prior to and at the time of the accident. He explained that during recess he had read a written statement given to an investigator for the defendant a short time after the accident; that his memory had been refreshed and he realized his previous statements were incorrect.

■ The matter of recalling witnesses is ordinarily within the discretion of the trial judge. United States v. Klass, 3 Cir., 166 F.2d 373; Hauck v. Frey, D.C., 228 F. 779; Faust v. United States, 163 U.S. 452, 16 S.Ct. 1112, 41 L.Ed. 224; Wigmore on Evidence, Vol. VI, 3rd Ed., §§ 1867 and 1898.

Where a witness is recalled to testify after his direct and cross-examination, he should be permitted to state the reason for altering or modifying his testimony. This should be allowed in order that the jury could properly evaluate the credibility to be given the whole of the testimony presented by said witness.

In the exercise of my discretion, I believe it was proper to permit said witness to be recalled under all the circumstances.

The question raised as to the admissibility of defendant's photographs is without merit.

I do not believe the verdict was against the evidence, the weight of the evidence or against the law.

It is contended the instructions as to the duty of the defendant to give warning to the users of a public highway that the tracks of the railroad intersect or cross the highway was improper.

It is not difficult to destroy almost any charge or instructions of the court to the jury by isolating certain limited expressions therein, but the charge must be considered as a whole with a view of determining the impression conveyed thereby to the jury. New York, C. & St. L. R. Co. v. Affolder, 8 Cir., 174 F.2d 486. Portions of a charge should not be scrutinized apart from their context as isolated verbal phenomena. Goodyear Fabric Corp. v. Hirss, 1 Cir., 169 F.2d 115.

Considered as a whole, without isolating or separating portions of the charge, I think that the instructions fairly and adequately presented the issues to the jury for its determination. That is all that the law requires. Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d 902, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587.

The plaintiff states the verdict was against the charge of the Court.

In a motion for a new trial, I must assume that the jury followed all of the instructions of the Court. Boice v. Bradley, D.C., 92 F.Supp. 750, 751; Burris

v. American Chicle Co., D.C., 33 F.Supp. 104, affirmed 2 Cir., 120 F.2d 219.

It is my considered judgment the plaintiffs had a fair trial. The motion for new trial is refused.

An appropriate Order is hereby entered.