**Anthony COPPOLA and Karl M. Noble, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 14375.**

United States Court of Appeals, Ninth Circuit.

Nov. 22, 1954.

**156**

W. T. Choisser, Douglas H. Clark, Phoenix, Ariz., for appellants.

Jack D. H. Hays, U. S. Atty., Robert S. Murlless, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before MATHEWS and ORR, Circuit Judges, and WIIG, District Judge.

MATHEWS, Circuit Judge.

Appellants, Anthony Coppola and Karl M. Noble, were indicted in two counts, were arraigned, pleaded not guilty, had a jury trial, were convicted on both counts, were sentenced and have appealed. Questions presented are (1) whether the indictment charged an offense against the United States, (2) whether the evidence was sufficient to sustain appellants' conviction and (3) whether the District Court erred in admitting certain evidence.

I

Count 1 of the indictment alleged that on or about February 2, 1952, in Maricopa County, Arizona, appellants "did then and there knowingly, unlawfully, wilfully and feloniously dispense and distribute to one R. S. Cantu, a certain derivative of cocoa [1] leaves, to-wit, approximately ⅛ grain of cocaine, which said cocaine was not then and there in nor from the original stamped package containing said cocaine." Thus count 1 charged an offense against the United States, namely, a violation of 26 U.S.C.A. § 2553(a), 53 Stat. 271, 58 Stat. 721.[2]

Count 2 of the indictment alleged that on or about February 2, 1952, in Maricopa County, Arizona, appellants "did unlawfully, fraudulently and feloniously distribute and give away to one R. S. Cantu a certain quantity of cocaine, a derivative of cocoa [3] leaves, which said

---

1. A misspelling of "coca."

2. Section 2553(a) provided: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in [26 U.S.C.A. § 2550(a), 53 Stat. 269, 58 Stat. 721, 60 Stat. 39] except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of [§ 2553(a)]; * * *." The drugs mentioned in § 2550(a) included coca leaves and any derivative thereof. One such derivative is cocaine.

3. A misspelling of "coca."

distribution was not in pursuance of a written order of the said R. S. Cantu to [appellants] on a form issued in blank for that purpose by the Secretary of the Treasury of the United States, * * *" Thus count 2 charged an offense against the United States, namely, a violation of 26 U.S.C.A. § 2554(a), 53 Stat. 272.[4]

As indicated above, the word "coca" was misspelled in each count of the indictment, but this was not, as appellants contend, a fatal defect.[5] Appellants were not misled or otherwise prejudiced by the misspelling. They knew that they were charged with dispensing and distributing cocaine not in or from the original stamped package and with distributing and giving away cocaine not in pursuance of a written order on a form issued for that purpose by the Secretary of the Treasury. It is commonly known, and therefore judicially known, that cocaine is a derivative of coca leaves. It was therefore unnecessary to state this fact in the indictment.[6] Therefore the words "a certain derivative of cocoa leaves, to-wit," in count 1, and the words "a derivative of cocoa leaves," in count 2, were surplusage and —since appellants were not prejudiced thereby—may be disregarded.[7]

## II

There was evidence to the following effect:

On February 2, 1952, R. S. Cantu and Charles Hall Van Natter[8] went to King's Bar,[9] also called King's Cocktail Lounge, in Phoenix, Maricopa County, Arizona, for the purpose of discussing with appellants a purchase of cocaine and heroin from appellants. Shortly thereafter, on February 2, 1952, appellant Noble entered King's Bar and handed appellant Coppola a small white envelope[10] containing about a quarter of a grain of cocaine. A few minutes later, in the restroom of King's Bar, Coppola, acting for himself and Noble, delivered the envelope and its contents to Cantu, thus giving and dispensing to Cantu the cocaine contained in the envelope. The cocaine, when so given and dispensed, was not in any original stamped package, nor was it given or dispensed from any such package. Appropriate tax-paid stamps were absent from the cocaine and from the envelope containing it. It was not given or dispensed in pursuance of any written order. While Coppola and Cantu were in the restroom, Coppola, acting for himself and Noble, showed Cantu a list of narcotics, including cocaine, which could be purchased from appellants. Cantu and Coppola then rejoined Van Natter and Noble, both of whom were still at King's Bar, and Noble offered to sell Cantu and Van Natter the listed narcotics for $1,800. However, Cantu and Van Natter did not, nor did

4. Section 2554(a) provided: "It shall be unlawful for any person to sell, barter, exchange, or give away of the drugs mentioned in [§ 2550(a)] except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary [of the Treasury of the United States]." See footnote 2.

5. Faust v. United States, 163 U.S. 452, 16 S.Ct. 1112, 41 L.Ed. 224; Alexis v. United States, 5 Cir., 129 F. 60; Capriola v. United States, 7 Cir., 61 F.2d 5; 42 C.J.S., Indictments and Informations, § 96.

6. Barnard v. United States, 9 Cir., 162 F. 618; Stephens v. United States, 9 Cir., 261 F. 590; Sonnenberg v. United States, 9 Cir., 264 F. 327; Summers v. United States, 4 Cir., 11 F.2d 583; Kempe v. United States, 8 Cir., 151 F.2d 680; 42 C.J.S., Indictments and Informations, § 113.

7. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Farley v. United States, 9 Cir., 269 F. 721; Tynan v. United States, 9 Cir., 297 F. 177; Himmelfarb v. United States, 9 Cir., 175 F.2d 924; Catrino v. United States, 9 Cir., 176 F.2d 884; 42 C.J.S., Indictments and Informations, § 155.

8. Cantu and Van Natter were agents of the Bureau of Narcotics, but appellants were not aware of this fact.

9. Appellant Coppola was a bartender at King's Bar.

10. Sometimes referred to as a bindle.

either of them, buy any of the listed narcotics, nor did they or either of them pay anything for the cocaine given and dispensed to Cantu.

Obviously, the evidence was sufficient to sustain appellants' conviction.

### III

 The envelope and contents mentioned above were admitted in evidence as Exhibit 3.[11] Appellants objected to their admission on the ground that no proper foundation had been laid. There was no merit in the objection. There was ample proof that the envelope and contents admitted as Exhibit 3 were the envelope and contents delivered to Cantu by Coppola in the restroom of King's Bar on February 2, 1952. There was no error in admitting them.

Judgment affirmed.

---

11. Appellants' brief incorrectly states that Exhibit 3 was not admitted as against Noble. The record shows that it was admitted as against both appellants.