Robert James **THIBODEAU**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 23102.

United States Court of Appeals Fifth Circuit.

June 2, 1966.

Rehearing Denied July 7, 1966.

444

Wilfred C. Varn, Tallahassee, Fla., for appellant.

Stewart J. Carrouth, Asst. U. S. Atty., Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for appellee.

Before WISDOM and THORNBERRY, Circuit Judges, and COX,* District Judge.

PER CURIAM:

Convicted by a jury of interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. § 2312, appellant raises two contentions on this appeal, neither of which is meritorious.

▇▇▇▇ Appellant's first contention is that the indictment was fatally defective because his surname was misspelled. The indictment charged that Robert James "Thibobeau" committed the offense, while appellant's true name is spelled "Thibodeau." The rule stated in Faust v. United States, 1896, 163 U.S. 452, 454, 16 S.Ct. 1112, 41 L.Ed. 224, is dispositive of this contention:

"A name need not be correctly spelled in an indictment, if substantially the same sound is preserved. The following are cases in which the variance between the names as alleged and as proven was at least as great as in the present, and in which it was held that the variance was not material: Bupp and Bopp, 39 Pa.St. 429; Heckman and Hackman, 88 Pa.St. 120; Hutson and Hudson, 7 Mo. 143; Shaffer and Shafer, 29 Kan. 337; Wooley and Wolley, 21 Ark. 462; Penryn and Penngrine, 14 Md. 121 [131]."

See also Capriola v. United States, 7th Cir. 1932, 61 F.2d 5; United States v. Denny, 7th Cir. 1947, 165 F.2d 668.

▇▇▇▇ Appellant's second contention is that an oral confession which he gave to federal authorities after having been held in state custody for ten days was involuntary and inadmissible as a matter of law. Appellant relies on Anderson v. United States, 1943, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829, for the proposition that there was an unlawful "working arrangement" between state and federal authorities. The record, however, fails to disclose any evidence of any such federal-state collaboration. It is settled that a mere suspicion of a working arrangement will not suffice. United States v. Coppola, 2nd Cir. 1960, 281 F.2d 340, 344-345; Young v. United States, 8th Cir. 1965, 344 F.2d 1006, 1010.

Accordingly, the judgment of conviction is

Affirmed.

## ON PETITION FOR REHEARING

PER CURIAM:

It is ordered that Appellant's petition for rehearing in the above entitled and numbered cause be, and the same is hereby denied. Johnson v. State of New Jersey, June 20, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

---

* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.