**ALD-003**        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1717
_____

ALLEN DUPREE GARRETT,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-12359)
District Judge:  Honorable Renée M. Bumb

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 7, 2021

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 15, 2021)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Allen Garrett appeals the District Court's order denying in part and dismissing in part his petition for coram nobis. The Government has filed a motion to summarily affirm. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's order.

In 2012, Garrett pleaded guilty to one count of being a felon in possession of a firearm and was sentenced to 77 months' imprisonment followed by three years of supervised release. See D.N.J. Cr. A. No. 1:11-cr-00242. Garrett obtained no relief either on direct appeal or through 28 U.S.C. § 2255 proceedings.

In 2019, Garrett filed a coram nobis petition. The District Court ruled that coram nobis was unavailable to Garrett because, at that point, he remained in custody. See ECF No. 2. Garrett appealed, but we dismissed his appeal as untimely. See C.A. No. 19-3029, ECF No. 37. Garrett then filed, across three documents, see ECF Nos. 11–13, what the District Court reasonably interpreted to be a new petition for coram nobis and a civil complaint. The Court directed the Clerk to open a new civil case and to file the complaint in the new case. As for the coram nobis petition, the Court dismissed the petition to the extent it sought money damages and denied it to the extent it challenged

2

Garrett's conviction. Garrett appealed, and has filed a variety of documents in this Court.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over legal issues arising from the denial of coram nobis relief. See United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). We may take summary action if an appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

We agree with the District Court's analysis of this case. A petitioner seeking a writ of coram nobis must assert an error of a fundamental kind that had no remedy at the time of the criminal proceeding. Ragbir v. United States, 950 F.3d 54, 62 (3d Cir. 2020). A fundamental error is one that undermines the jurisdiction of the trial court and invalidates the proceeding. Id. at 63. The Supreme Court has noted that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal alteration and quotation marks omitted).

Garrett argues primarily that his criminal judgment is invalid because the records in that case spelled his first name "Alan" rather than "Allen." We note, however, that the indictment used both spellings, including the latter as an "a/k/a." See D.N.J. Cr. A. No.

---

[1] We are aware that Garrett is currently litigating in another action whether he has three strikes under the PLRA. We express no opinion on that here. We will assume without deciding that, even if the PLRA's three strike rule applies to an appeal involving a coram nobis petition, Garrett may proceed IFP in this case. See Alexander v. Texas Dept. of Crim. Justice, 951 F.3d 236, 241 n.15 (5th Cir. 2020).

1:11-cr-00242, dkt. #12. In any event, Garrett does not dispute that he was the person identified in these documents; thus, even assuming that there was an error here, it falls far short of the magnitude needed to warrant coram nobis relief. See generally Grannis v. Ordean, 234 U.S. 385, 395 (1914) (stating that due process "does not require ideal accuracy" of spelling, "even in names"); United States v. Fawcett, 115 F.2d 764, 767 (3d Cir. 1940) ("An indictment, then, is an accusation of a person of crime. It is an accusation against a person, and not against a name. A name is not of the substance of an indictment."); see also United States v. Emuegbunam, 268 F.3d 377, 395 (6th Cir. 2001) ("Emuegbunem's argument that the misspelling of his name vitiates the indictment is likewise unavailing. 'A name need not be correctly spelled in an indictment, if substantially the same sound is preserved.'") (quoting Faust v. United States, 163 U.S. 452, 454 (1896)).[2]

Garrett's diffuse filings may also be read to challenge state convictions, but "coram nobis is not available in a federal court as a means of attack on a state criminal judgment." Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam). Garrett also seems to seek to challenge the disposition of prior civil judgments, but coram nobis in civil cases has been abolished by Federal Rule of Civil Procedure 60. See Fed.

---

[2] It is not clear whether Garrett remained in custody at the time he filed this petition; if he was still in custody, the petition fails for that reason, too. See United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam) ("There is no basis here for coram nobis relief, because Baptiste is still in custody.").

R. Civ. P. 60(e); United States v. Beggerly, 524 U.S. 38, 44 (1998).  And the District Court properly concluded that it lacked jurisdiction to the extent that Garrett sought damages because that remedy is not available in this context.  See generally United States v. Doe, 810 F.3d 132, 149 (3d Cir. 2015) (stating that a habeas Court would lack jurisdiction over claim seeking damages).[3]

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.  To the extent that Garrett requests any additional relief, it is denied.

_____

[3] Nor did the District Court err in directing that the civil complaint be filed as a separate case.  See Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 463–64 (5th Cir. 1998); see generally Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010) (explaining that "we accord district courts great deference with regard to matters of case management").