Charlie **SOPER** and Jack Mease, Appellants,

v.

UNITED STATES of America, Appellee.

No. 14312.

United States Court of Appeals, Ninth Circuit.

March 8, 1955.

Rehearing Denied May 10, 1955.

dicted in two counts. Count 1 alleged: "That [appellants], on the 4th day of October, 1953, in Fairbanks Precinct, Fourth Judicial Division, Territory of Alaska, then and there being, and being then and there armed with a dangerous weapon, to wit, a loaded automatic M-1 rifle, feloniously assaulted Sylvester Johnson at the residence of Mildred Young at 617-12th Avenue, in the Town of Fairbanks, Alaska, in violation of Section 65–4–22 of the Alaska Compiled Laws Annotated, 1949."[1] Count 2 was similar to count 1 except that, in count 2, the person alleged to have been assaulted was Mildred Young, instead of Sylvester Johnson. Appellants pleaded not guilty on November 23, 1953, had a jury trial on January 4, 5 and 6, 1954, and were found guilty on both counts. Thereupon a judgment was entered sentencing appellants to be imprisoned for 18 months. This appeal is from that judgment.

I.

Robert J. McNealy, Fairbanks, Alaska, for appellants.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Philip Morgan, Asst. U. S. Attys., Fairbanks, Alaska, for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

On November 17, 1953, appellants, Charlie Soper and Jack Mease, were in-

On January 4, 1954—after the trial was commenced and after the jury was impaneled—a motion to dismiss the indictment was made by appellants and was denied. Appellants contend that the denial was error.

The stated grounds of the motion were, in substance, that the names of all the witnesses who appeared before the grand jury for the purpose of procuring the indictment were not endorsed thereon;[2] that the United States Attorney who appeared before the grand

1. Section 65–4–22 provides: "That whoever, being armed with a dangerous weapon, shall assault another with such weapon, shall be punished by imprisonment in the penitentiary not more than ten years nor less than six months, or by imprisonment in the county jail not more than one year nor less than one month, or by fine not less than one hundred dollars nor more than one thousand dollars."

2. Actually, the names of two witnesses were endorsed on the indictment. However, the names of witnesses are not required to be endorsed on any indictment in the District Court for the Territory of Alaska. Such indictments need only

conform to the requirements of Rule 7 (c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. The indictment in this case did so conform. It should be noted and remembered that the Federal Rules of Criminal Procedure are now, and have been since October 20, 1949, applicable to all criminal proceedings in the District Court for the Territory of Alaska. See Rule 54(a) (1) of said rules, as amended by the Supreme Court's order of December 28, 1948, 335 U.S. 953, 954, effective October 20, 1949. Sections 66–8–52 and 66–11–1, Alaska Compiled Laws Annotated, 1949, cited by appellants, became inoperative on October 20, 1949, and remain inoperative.

jury was prejudiced against appellant Soper; that a weapon other than the weapon mentioned in the indictment was presented to the grand jury for the purpose of obtaining the indictment;[3] and that therefore the indictment was illegally obtained.[4]

■ Thus, by the motion, appellants raised objections based on supposed defects in the indictment other than that it failed to show jurisdiction in the District Court or to charge an offense.[5] However, the objections so raised were not raised or presented before trial. Appellants' failure to present them before trial constituted a waiver thereof.[6] Relief from the waiver was not sought or granted.[7] We therefore hold that the motion was properly denied.

We further hold that the motion did not state any fact or facts warranting dismissal of the indictment, and that therefore the District Court would have been obliged to deny the motion, even if it had been made before trial—which it was not.

II.

Appellants contend that the District Court erred "in overruling [appellants'] objections to testimony relative to the gun alleged to have been involved." Ac-

tually, the District Court did not overrule any objection of appellants to any testimony relative to a gun, except as indicated below.

Johnson, called as a witness for the Government, testified, without objection, that he was at Young's residence in Fairbanks, Alaska, on the evening of October 4, 1954, and the early morning of October 5, 1954; that appellants came to Young's residence about 12:30 A. M. on October 5, 1954; and that—

"[Appellant Soper] sat next to me on the davenport. [Appellant Mease] sat in a chair that was next to a door that was leading into the kitchen.[8] * * * Well, we sat there and talked just like we have always done, kidded back and forth, and then [Mease] got up and said he was going to go out to the jeep[9] and get something he had forgotten, he would be right back. Then Soper got up and started pulling me by the shirt and says, "Come on, we are going out for a drink." I said, "No, I'm not drinking." He insisted and proceeded to get angry. About that time Mease came in the back door,[10] had his hand behind him. I started to get up because my shirt was being torn. About that time [Mease] pulled this gun[11] from behind him, told

---

3. The motion was not verified. Appellants did not prove or attempt to prove, nor does the record show, that any witness other than those whose names were endorsed on the indictment appeared before the grand jury for the purpose of procuring the indictment; or that the United States Attorney was prejudiced against appellant Soper; or that a weapon other than the weapon mentioned in the indictment was presented to the grand jury.

4. The statement that the indictment was illegally obtained was, of course, a mere statement of a conclusion.

5. It was never claimed or contended that the indictment failed to show jurisdiction in the District Court or to charge an offense.

6. Rule 12(b) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides: "Defenses and objections based on defects * * * in the indictment or information other than that it fails to show jurisdiction in the court or to charge an

offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. * * *"

7. See Rule 12(b) (2), supra.

8. Meaning the kitchen of Young's residence.

9. A vehicle belonging to Mease.

10. The back door of Young's residence.

11. Other testimony showed that this was a loaded automatic rifle; that Mease pointed the rifle at Johnson and at Young; that Soper beat Johnson and Young while Mease held the rifle on them; that Mease then handed the rifle to Soper; and that Mease beat Johnson and Young while Soper held the rifle. Thus the testimony showed that appellants aided and abetted each other in committing these assaults,

me to sit down or he would shoot me, so I sat down, and at that time [Soper] began to hit me."

■ Thereupon counsel for appellants moved "that this testimony be stricken regarding the gun unless the gun is presented." Treating the motion as an objection,[12] as well as a motion, the District Court overruled the objection and denied the motion. Both rulings were correct. Appellants' notion that Johnson's testimony regarding the gun was inadmissible unless and until the gun was "presented" was baseless and untenable.

### III.

At the close of all the evidence, a motion for a judgment of acquittal was made by appellants and was denied. Appellants contend that the denial was error.

■ The stated ground of the motion was, in substance, that the evidence was insufficient to sustain a conviction of appellants, or either of them, on either count of the indictment. Actually, there was substantial evidence that on the evening of October 4, 1954, or the early morning of October 5, 1954, at Young's residence in Fairbanks, Alaska, appellants, being then and there armed with a dangerous weapon, namely, a loaded automatic rifle, committed two assaults with the rifle—one by pointing it at and toward Johnson and one by pointing it at and toward Young.[13] We therefore hold that the evidence was sufficient to sustain a conviction of appellants on both counts of the indictment, and that the motion was properly denied.

■ There was, indeed, no evidence that the loaded automatic rifle with which the assaults were committed was an "M-1" rifle, but that is immaterial. A loaded automatic rifle is a dangerous weapon, regardless of whether it is or is not an "M-1" rifle. It is true that the rifle with which the assaults were committed was described in the indictment as an "M-1" rifle. However, the expression "M-1" was surplusage[14] which —since appellants were not prejudiced thereby—could be disregarded.[15] Therefore proof that the rifle with which the assaults were committed was an "M-1" rifle was unnecessary.

### IV.

■ The District Court instructed the jury as follows: "* * * the words and figures 'M-1' in counts 1 and 2 of said indictment have been eliminated,[16] and you, the jury, should consider said counts 1 and 2 as if they had never contained the said words and figures 'M-1.'" Appellants contend that, in giving this instruction—which they say was an "amendment" of the indictment—the District Court erred. Actually, this instruction was nothing more than a direction to the jury to disregard the expression "M-1" in the indictment. As we have heretofore held, that expression was nonprejudicial surplusage. There was, therefore, no error in directing the jury to disregard it.[17]

In Carney v. United States, 9 Cir., 163 F.2d 784, cited by appellants, the defendants were convicted on both counts of a two-count indictment. The con-

---

and that therefore both were principals therein. See 18 U.S.C.A. § 2(a); Alaska Compiled Laws Annotated, 1949, § 65-3-2.

12. Actually, there was no objection.

13. See footnote 11.

14. Cf. Bayless v. United States, 9 Cir., 200 F.2d 113.

15. Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 71 L.Ed. 793; Farley v. United States, 9 Cir., 269 F. 721; Himmelfarb v. United States, 9 Cir., 175 F.

2d 924; Catrino v. United States, 9 Cir., 176 F.2d 884; Bayless v. United States, supra; Coppola v. United States, 9 Cir., 217 F.2d 155; 42 C.J.S., Indictments and Informations, § 155.

16. Actually, the expression "M-1" was "eliminated" only in the sense that the jury was instructed to consider counts 1 and 2 as if they had never contained that expression. Nothing was erased or stricken from either count.

17. See authorities cited in footnote 15.

viction on the first count was reversed because that count—which, as it came from the grand jury, did not charge an offense—was amended at the trial so as to make it charge an offense.[18] In the case at bar there was no such amendment. Obviously, the Carney case is not in point here.

Other contentions of appellants are so obviously lacking in merit as not to require discussion.

Judgment affirmed.

---

18. Originally, the first count of the Carney indictment alleged that the defendants had forged and counterfeited "K-14th" gasoline ration coupons. Since there was no such thing as a genuine "K-14th" gasoline ration coupon, the first count failed to charge an offense. At the trial, the first count was amended by changing "K-14th" to "A-14th," thus making it allege that the defendants had forged and counterfeited "A-14th" gasoline ration coupons, which was an offense.