UNITED STATES of America, Plaintiff,

v.

Joseph EGELAK, Defendant.

UNITED STATES of America, Plaintiff,

v.

Robert R. BLODGETT, Defendant.

Cr. Nos. 1661, 1668.

District Court, Alaska.
Second Division, Nome.
May 12, 1959.

Russell R. Hermann, U. S. Atty., Nome, Alaska, for plaintiff.

James A. von der Heydt, Nome, Alaska, for defendants.

Fred D. Crane and Warren Wm. Taylor, Fairbanks, Alaska, Amicus Curiae.

HODGE, District Judge.

On March 19, 1959, the defendant Joseph Egelak was indicted by the grand jury for the crime of manslaughter, in violation of Sec. 65-4-4 A.C.L.A.1949. On March 23, 1959, the defendant Robert R. Blodgett was indicted for the crime of assault with a dangerous weapon, in violation of Sec. 65-4-22 A.C.L.A.1949. Both defendants have moved to dismiss the indictment upon the grounds: (1) that the District Court for the District of Alaska or the District Court for the Territory of Alaska is without jurisdiction to function in the State of Alaska; (2) that the indictment returned by the Grand Jury does not contain the endorsement of the names of the witnesses examined before the Grand Jury, as required by the provisions of Sections 66-8-52 and 66-11-1, Alaska Compiled Laws Annotated, 1949. On April 24, 1959, oral argument was had before the Court on the motion in the Egelak case, with the understanding that the issues involved would apply likewise in the Blodgett case.

### Jurisdictional Question

At the time of hearing the defendants took the position that the decision of the Honorable J. L. McCarrey, Jr., in the case of United States v. Starling, D.C. Third Division 1959, No. 3973, Cr., and associ-

ated cases, 171 F.Supp. 47, upholding the constitutionality of the transition measures provided by Sec. 18 of the Alaska Statehood Act (Public Law 85–508, 85th Congress), 48 U.S.C.A. preceding section 21, was dicta insofar as the jurisdiction of this court in cases involving violations of state statutes is concerned, for the reason that this case involved such jurisdiction in cases arising under Federal statutes. It also appeared at such time that no written opinion had been rendered by the District Judges of Alaska precisely touching upon jurisdiction in state cases, although similar motions or challenges to the jurisdiction of the court had been denied orally. United States v. Kosters, Fourth Division; United States v. Deere, Fourth Division. This Court was therefore requested to expressly pass upon the issues raised by such motion, although it appears that such issues were then and are now pending for determination by the Circuit Court of Appeals for the Ninth Circuit.

 Subsequently, this court has received the opinion of Judge McCarrey in the case of United States v. Marrone, D.C. Third Division, No. 4033, 172 F. Supp. 368, in which the issues raised by these motions are determined adversely to the contentions of the defendants. The position taken by defendants and amicus curiae is that the court is without jurisdiction for two reasons: first, the provisions of Sec. 18 of the Statehood Act are unconstitutional in that Congress may not impose upon the State of Alaska a judicial system, as each state must be admitted to the Union on an equal footing with all others; and, second, under the provisions of Sec. 12 of the Statehood Act the appellate jurisdiction of the Circuit Court of Appeals for the Ninth Circuit to hear appeals from this court was repealed, without provision for continuance of such right of appeal, and, therefore, that the defendant is left without any statutory right of appeal from the judgments of this court. Both of these issues were squarely presented in the Marrone case.

In this decision the Court directs attention to the provisions of Sec. 17, Art. XV, of the Constitution of the State of Alaska, and finds as follows:

"In this section, the State of Alaska accepted the then established judicial system of the Territory of Alaska, including the appellate court, the United States Court of Appeals for the Ninth Circuit, for the transition period while the state court system was being established. Section 18 of Public Law 85–508, the Alaska Statehood Bill, was Congress's acceptance."

With respect to the second contention, the Court concludes:

"I am of the opinion that there is a simple answer to this problem and that is that the United States Court of Appeals for the Ninth Circuit never lost its appellate jurisdiction over the present United States District Court in Alaska in either state or federal matters."

This decision, with which I fully concur, is stare decisis and determinative of such issues in this court. State v. Mellenberger, 163 Or. 233, 95 P.2d 709, 128 A.L.R. 1506. However, I would add the following observations as additional compelling reasons for the holding that the State of Alaska has accepted the provisions of Sec. 18 of the Statehood Act.

The State Legislature has provided a system of Supreme and Superior Courts of the State of Alaska by Ch. 50, S.L.A. 1959, approved March 19, 1959. Secs. 31 and 32 of Art. III of this Act provide as follows:

"Sec. 31. *Commencement and Transfer of Causes.* (1) the State courts shall be deemed organized for the purpose of transferring causes as provided in Section 17, Article XV of the Constitution of the State of Alaska, on the 3rd day of January, 1962. Provided, however, that causes may be commenced, filed and determined in the State courts in each judicial district at

the time of the appointment of one or more judges for such district.

"(2) The jurisdiction of the courts of the State in this Act provided shall be exclusive from and after the 3rd day of January, 1962 but prior to that date shall be non-exclusive, and nothing in this Act shall diminish or deprive the District Court of the State of Alaska or the Court of Appeals or the Supreme Court of the United States of jurisdiction as provided by Public Law 508, 85th Congress, and other laws applicable thereto.

"Sec. 32. *Declaration of Intent and Method of Transition*. It is the intent of the Legislature by the passage of this Act to provide for the organization of the State Courts in an orderly manner so that the same will be completed on or before January 3, 1962 and so that during the intervening period advantage may be taken of the district and appellate structure referred to in Public Law 508, 85th Congress. * * * "

Nothing could be more specific than the declaration of intent of the Legislature to accept the present courts and vest them with jurisdiction until the State courts are established. Therefore the contention of the defendants that Congress cannot create or establish a state court system for Alaska, and the contention of the amicus curiae that Congress has "imposed" such system upon the State "entirely within the discretion of the President of the United States", cannot be sustained. In the same manner the contention of the defendants that Congress cannot create courts within a state other than in conformity with Article III, Sec. 1 of the Constitution of the United States is without merit, as such constitutional provision relates only to "the judicial Power of the United States", relating solely to the Federal courts.

It should be further observed that the cases relied upon by defendants and amicus curiae of Benner v. Porter, 9 How. 235, 50 U.S. 235, 13 L.Ed. 119; American Insurance Co. v. Canter, 1 Pet. 511, 26 U.S. 511, 7 L.Ed. 242, and Forsyth v. United States, 9 How. 571, 50 U.S. 571, 13 L.Ed. 262, have no real application to the issues in this case, as such relate to the continued jurisdiction of territorial courts in Federal cases, on admission of the Territory into the Union, as fully discussed by Judge McCarrey in the Starling case.

With respect to the second contention, the Legislature has likewise made ample provision for appeals from this court during the interim period by an amendment to Sec. 32(4), Article III, of the Judiciary Act (Ch. ——— S.L.A.1959), providing that in the event that the Circuit Court of Appeals for the Ninth Circuit finds itself without jurisdiction to hear appeals from this court, the Supreme Court of the State of Alaska shall be immediately established, with jurisdiction over appeals from this court. Hence, it cannot be said that a defendant in this court would in any event be without right of appeal.

Endorsement of Names of Witnesses Upon Indictment

 The sole question presented here is whether or not there is any actual conflict between the provisions of Sec. 66–8–52 A.C.L.A.1949, requiring that when an indictment is found the names of witnesses examined before the grand jury must be inserted at the foot of the indictment or endorsed thereon, read in conjunction with Section 66–11–1 A.C.L.A.1949, providing that the indictment must be set aside by the court when the names of the witnesses examined before the grand jury are not so inserted or endorsed thereon, and the provisions of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., prescribing the "nature and contents" of an indictment or information, making no reference to such endorsement; and the construction and application of the decision of the Circuit Court of Appeals for the Ninth Circuit upon this identical question in the case of Soper v. United States, 220 F.2d 158, 15 Alaska 475.

This question appears to be again pending upon an appeal to the Circuit Court in the case of Short v. United States, the appellant's brief in which case is directed to the attention of the Court. Defendants direct attention to the mandatory provisions of the Alaska statutes and earnestly contend that there is no real conflict between such statutes and the Federal Rule; and that the decision in the Soper case is dicta and not binding on this court, and in conflict with a prior decision of the Circuit Court in the case of Stephenson v. United States, 9 Cir., 211 F.2d 702, 14 Alaska 603, 53 A.L.R.2d 812, wherein the court found no conflict between the Federal Rules and Sec. 58–5–1 A.C.L.A. with reference to cautionary instructions to juries.[1] Even though the decision of the Circuit Court in the Soper case might well be re-examined by that Court with respect to such actual conflict, such decision is binding upon this Court unless is can be considered dicta, or distinguished in point of law or fact. 21 C.J.S. Courts § 198, p. 348; Forstmann v. Rogers, D.C., 35 F.Supp. 916; New York Life Insurance Co. v. Ross, 6 Cir., 30 F.2d 80. This decision therefore bears careful analysis.

In this case a motion was made by defendant to dismiss the indictment upon the "stated grounds", among others, that the names of all of the witnesses who appeared before the grand jury were not endorsed thereon. The court in a footnote in the opinion held as follows:

"Actually, the names of two witnesses were endorsed on the indictment. However, the names of witnesses are not required to be endorsed on any indictment in the District Court for the Territory of Alaska. Such indictments need only conform to the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

The indictment in this case did so conform. It should be noted and remembered that the Federal Rules of Criminal Procedure are now, and have been since October 20, 1949, applicable to all criminal proceedings in the District Court for the Territory of Alaska. See Rule 54 (a) (1) of said rules, as amended by the Supreme Court's order of December 28, 1948, 335 U.S. 953, 954, effective October 20, 1949. Sections 66–8–52 and 66–11–1, Alaska Compiled Laws Annotated, 1949, cited by appellants, became inoperative on October 20, 1949, and remain inoperative." [15 Alaska 475, 220 F.2d 159]

The grounds upon which it is urged that this decision is dicta are two: first, the statement by the court that the names of "two witnesses" were endorsed on the indictment; second, this decision appears in a footnote and is not actually a part of the decision in such case.

As to the first, it will be observed that the contention of the defendant was that the names of *all* witnesses were not so endorsed; therefore, the fact that the names of two witnesses were endorsed was not considered by the court as controlling, as the decision clearly indicates.

With regard to the second point, it has been established that a footnote is as much a part of the opinion as the matter contained in the body of the opinion, is as important as the remainder of the opinion, and has like binding force and effect. 21 C.J.S. Courts § 221, p. 407, supra; Gray v. Union Joint Stock Land Bank, 6 Cir., 105 F.2d 275; Melancon v. Walt Disney Productions, 1954, 127 Cal.App.2d 213, 273 P.2d 560.

Moreover, in the body of the opinion the Court further holds:

"We further hold that the motion did not state any fact or facts war-

[1]. In appellant's brief in the Short case, it is also urged extensively that any contention that the entire Alaska Code of Criminal Procedure has been abrogated by the Federal Rules is flatly unsound.

No such contention is made by the Government and it is conceded that only the laws of Alaska which are in conflict with such Rules would be so inoperative. 18 U.S.C.A. § 3771 (formerly Sec. 687).

ranting dismissal of the indictment, and that therefore the District Court would have been obliged to deny the motion, even if it had been made before trial—which it was not."

It is fundamental that a previous opinion deciding contentions identical in fact, law and application with those of the instant case should be followed on the principle of stare decisis unless and until reversed or overruled. 21 C.J.S. Courts § 186, p. 301, supra; Vol. 39A Words and Phrases, Stare Decisis, pp. 602–609; Grand Rapids & I. R. Co. v. Blanchard, 6 Cir., 38 F.2d 470. It is true that the authority of a former decision as a precedent must be limited to the points actually decided. 21 C.J.S. Courts § 209, p. 380, supra. The decision in the Soper case clearly and actually decides the identical issues as presented in this case. A decision is dicta where the language is unnecessary to the decision or to the determination of the issues of the case, but where there is an adjudication of any point within the issues presented it is not dicta. 21 C.J. S. Courts § 190, p. 309; 14 Am.Jur. 295–7, Courts, Sec. 83; Vol. 12 Words and Phrases, Dictum, pp. 557–563; Valli v. United States, 1 Cir., 94 F.2d 687. The decision in the Soper case has since been followed in the District Court for the Territory (State) of Alaska, and must be held and considered to be stare decisis on the issues here presented, and binding upon this Court.

Defendants further contend that this ruling is inconsistent with instructions given by the Court to the grand jury following the last portion of Sec. 66–8–52,[2] urging that there should be no distinction and that if the first portion of the statute is superseded so must be the last portion. There is merit in this contention, but the error lies instead in giving this instruction to the grand jury subsequently to the decision in the Soper

case, which will be corrected. Such error is harmless so far as these defendants are concerned.

The Government further contends that the cited statutes are also in conflict with several other Federal Rules, but in view of the holding herein that the decision in the Soper case is controlling, this point need not be determined.

For the reasons assigned the motion to dismiss the indictments in both cases is denied. Appropriate orders may be presented accordingly.

---

2. This portion of the statute provides as follows:

" * * * and if the indictment be for a misdemeanor only, and any witness has

voluntarily appeared before the grand jury to complain of the defendant, his name must be marked as private prosecutor."