114 N.J. Super. 490 (1971)
277 A.2d 398
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARTIS. L. DRAYTON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1971.
Decided May 3, 1971.
*491 Before Judges GOLDMANN, LEONARD and FRITZ.
Mr. Harvey I. Marcus, designated counsel, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Elson P. Kendall, Assistant Prosecutor, argued the cause for respondent (Mr. Karl Asch, Union County Prosecutor, attorney).
The opinion of the court was delivered by LEONARD, J.A.D.
Following a jury trial defendant appeals from convictions for assault with a deadly weapon (N.J.S.A. 2A:90-3) and for threatening to take the life of another (N.J.S.A. 2A:113-8). He was acquitted of a charge of atrocious assault and battery (N.J.S.A. 2A:90-1)
On September 28, 1968 defendant and Nathaniel Smith, the alleged victim, following an exchange of hostile words, engaged in fisticuffs in which Smith sustained a cut eye.
Smith, his mother, Lizzie Hardy, and his aunt, Ella Mae Harvey, all testified substantially the same as to what followed. They stated that Smith was walking back to his mother's house when he met her and his aunt on the street. While they were conversing, defendant returned, pulled out a gun, put it to Smith's chest and said "I will kill you * * * Don't you know I just got back from Vietnam."
Smith further testified that he was frightened by the gun, which he estimated to be a .38-caliber snub-nosed revolver. He ran to the Second Precinct, and from there was taken to a hospital for stitches in his eye.
Defendant testified that following the fight, he walked up to Smith and "pointed my fist out to him and I told him this better not happen no more." He denied having a gun and he did not remember whether he stated that he would kill Smith.
*492 Defendant first contends that in order to convict him for a violation of N.J.S.A. 2A:90-3 the State must prove beyond a reasonable doubt that he had the present ability to carry out the attempt or offer to injure another. Thus, he argues that the State's burden was to prove that the gun allegedly used by him was loaded. He urges that the trial court erred in not so charging the jury.
This point was not presented to the court below and is raised here for the first time. At the trial defendant advanced no such defense, rather he denied that he used a gun. The record does not disclose whether the gun was loaded or not.
N.J.S.A. 2A:90-3, in its relevant part, provides:
Any person who wilfully or maliciously assaults another with an offensive weapon or instrument * * * is guilty of a high misdemeanor.
The issue of whether present ability, as opposed to mere apparent ability, is necessary to support a conviction under the above statute does not appear to have been previously determined in this State. There is a considerable conflict of authority in other jurisdictions as to whether a criminal assault may be committed with an unloaded firearm where it is not used or intended to be used as a club or bludgeon. See 6 Am. Jur.2d, Assault and Battery, § 34 at 34, and § 54 at 51; 79 A.L.R.2d 1412 (1961), A.L.R.2d Later Case Service (Vols. 79-84) at 80. Much of this conflict stems from the wording of the specific statutes enacted in the various jurisdictions. 6 Am. Jur.2d, supra at 35. We believe the sounder rule to be that apparent present ability will suffice. The pointing of an unloaded gun at another within range is sufficient to support a finding of guilt, if the one assaulted had a well-founded apprehension of peril. State v. Stationak, 73 Wash.2d 647, 440 P.2d 457 (Wash. Sup. Ct. 1968), adhering to an earlier rule enunciated in State v. Shaffer, 120 Wash. 345, 207 P. 229 (Wash. Sup. Ct. 1922).
Although, as we have noted, there is no case on point in our State, we do find support for our holding. In State v. *493 Sill, 112 N.J. Super. 368, 370 (App. Div. 1970), we approved the following definition of an assault  "force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with an apparent present ability to execute the attempt if not prevented." (Emphasis added) Likewise, in State v. Schultheis, 113 N.J. Super. 11, 17 (App. Div. 1971), we held that the gist of the crime of threats to take life (N.J.S.A. 2A:113-8) is that the words used are of such a nature as to convey "the menace or fear to the ordinary hearer." Therein (at 17) we further stated that, "It is necessary only that the threats import the expectation of bodily harm or death, thereby inducing fear and apprehension in the person threatened." (Emphasis added)
Additionally, it is to be noted that N.J.S.A. 2A:151-1 et seq., which regulates and proscribes certain conduct with respect to the purchase, sale, use, possession and carrying of weapons or firearms, including any revolver or pistol, does not in any manner require that the weapon be loaded. More significantly, N.J.S.A. 2A:151-5, which provides an additional sentence for any person who commits the major crimes therein noted "when armed with or having in his possession any firearm" specifically provides that it is applicable "whether or not [the firearm is] capable of being discharged" or "whether toy or imitation, having an appearance similar to or capable of being mistaken for any of the" dangerous instruments enumerated in the statute.
In the instant case defendant, according to the State's witnesses, placed a .38 caliber revolver against Smith's chest and threatened to kill him. The ordinary victim in such a predicament would instantly be placed in fear of bodily harm or death, and this reaction would be "well founded" whether the gun was loaded or not. Thus, based upon all of the above, we hold that defendant's first contention lacks merit.
*494 Defendant's argument that N.J.S.A. 2A:113-8 is void for vagueness is without substance. This identical position was rejected in State v. Schultheis, supra, 113 N.J. Super. at 18-19.
Finally, defendant urges that the State must elect, prior to trial, whether it desired to proceed under N.J.S.A. 2A:113-8 or N.J.S.A. 2A:90-3. He argues that since these statutes are identical, when applied to the facts of this case, he is placed in a position of double jeopardy. In no event would defendant's prosecution in a single trial upon a multi-count indictment amount to double jeopardy. State v. Roller, 29 N.J. 339, 346-350 (1959). Further, in State v. Montague, 101 N.J. Super. 483, 489 (App. Div. 1968), mod. on other grounds, 55 N.J. 387, 407 (1970), we held that the elements of the offense of threatening a police officer's life (N.J.S.A. 2A:113-8) and the offense of committing an assault and battery upon the officer (N.J.S.A. 2A:90-4) were separate and distinct. We are of the same opinion as to the elements of the two offenses here involved. In the one there was evidence of a voiced declaration distinct from the use of the weapon. Lastly, only one indeterminate sentence at the reformatory was imposed on both counts. We find no merit to this point.
Judgment affirmed.