UNITED STATES of America

v.

Ronald B. JAMES, Appellant.

No. 24908.

United States Court of Appeals, District of Columbia Circuit.

Nov. 19, 1971.

**1376**

Fahy, Senior Circuit Judge, concurred in result.

Mr. Louis Schwartz, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry, Herbert B. Hoffman, and John E. Drury, III, Asst. U. S. Attys., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and MacKINNON, Circuit Judges.

PER CURIAM:

After a trial by the court without a jury, appellant was convicted of assault with a dangerous weapon (D.C.Code § 22–502) and carrying a dangerous weapon after the conviction of a felony (D.C.

Code § 22–3204). He was sentenced to concurrent terms of from two to six years.

At approximately 2:30 p. m., on February 7, 1970, plain-clothes Officers Triggs and Likeout, who had received information from a reliable informant[1] that two suspects would exit from a specific address and enter a taxicab carrying a large quantity of narcotics, were seated in their unmarked police cruiser, observing a cab parked in front of the address in question. When they saw appellant and his brother leave the building (or the next building) and enter the cab, they followed. After closely following the taxicab for several minutes, the two officers stopped it. Officer Likeout asked the driver, appellant's brother, for his license and registration, and asked him to step out of the vehicle. While the driver was alighting from the cab, Officer Likeout observed appellant, who was in the front passenger's seat, pick up a pistol and point it at Officer Triggs, who was attempting to identify himself to appellant. After being warned by his partner of the situation, Officer Triggs pulled appellant from the cab and placed him under arrest. He also seized the gun, which proved to be fully loaded and operable, and a box of cartridges for the weapon, which was found under the front passenger's seat.

■ Appellant contends that the pistol and the box of cartridges should not have been admitted into evidence at his trial, on the ground that they had been unconstitutionally seized.[2] In support of this contention he asserts that the stopping of the taxicab, in which he was riding, by the two officers, was an "arrest" which was supported by neither warrant nor probable cause. He argues that it was not a routine license-registration check, and that the informant's tip was insufficient to support the officers' action. We disagree.

■ It is well established that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio, 392 U. S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Such investigatory encounters do not constitute "arrests." Young v. United States, 140 U.S.App.D.C. 333, 336, 435 F.2d 405, 408 (1970). See Allen v. United States, 129 U.S.App.D.C. 61, 64, 390 F.2d 476, 479 (1968); Bailey v. United States, 128 U.S.App.D.C. 354, 364 n.9, 389 F.2d 305, 315 n.9 (1967) (concurring opinion of Leventhal, J.); Brown v. United States, 125 U.S.App.D.C. 43, 46 n.4, 365 F.2d 976, 979 n.4 (1966).

■ In the instant case, two police officers had been provided information by a reliable informant, indicating that the occurrence of certain specific circumstances would concern illegal narcotics activity. After observing appellant and another person emerge from the building as predicted, it would have been a clear dereliction of their law enforcement duties for the officers to have failed to investigate further. United States v. Frye, 271 A.2d 788, 790 (D.C. Ct.App.1970). See Terry v. Ohio, supra, 392 U.S. at 22, 88 S.Ct. 1868. "The officers, then, had at least a right to stop [the occupants of the taxicab] long

1. The informant had made previous "buys" for the police, and his previous reports had proved reliable (Tr. 26–27).

2. We must reject appellant's contention that the trial court improperly denied his motion for acquittal based upon self-defense. The record contains no evidence directly supporting this theory, and there is an abundance of prosecution testimony contradicting it. Viewing the evidence in the light most favorable to the Government, we find no merit in this claim. We similarly reject appellant's argument that the evidence was insufficient to support the court's decision that he was "carrying" the pistol within the meaning of D.C. Code § 22–3204. He admittedly knew that the weapon was present under his seat before the police stopped the vehicle (Tr. 36), and both officers testified that they saw the gun in appellant's hand (Tr. 9, 22).

enough to ask to talk to them, and [we] do not think they were required to make this request through the window of a moving vehicle."[3] Coleman v. United States, 137 U.S.App.D.C. 48, 59, 420 F.2d 616, 627 (1969) (concurring opinion of Bazelon, J.). *See* Young v. United States, *supra,* 140 U.S.App.D.C. at 336, 435 F.2d at 408; Dorsey v. United States, 125 U.S.App.D.C. 355, 357–358, 372 F.2d 928, 930–931 (1967); United States v. Wright, 146 U.S.App.D.C. ——, 449 F.2d 1355 (1971). Since the investigatory detainment of the taxicab was proper, the seizure of the pistol, which appellant held in plain view of the police officers was clearly proper. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). *See* Ker v. California, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963); United States v. Lee, 274 U.S. 559, 47 S.Ct. 746, 71 L.Ed. 1202 (1927); United States v. Johnson, 143 U.S.App.D.C. 215, 220, 442 F.2d 1239, 1244 (1971). Furthermore, once appellant was lawfully under arrest, the seizure of the cartridges, in a reasonable search of the vehicle incident to such arrest, was clearly appropriate. Bailey v. United States, *supra,* 128 U.S.App.D.C. at 357, 389 F.2d at 308. *See* Chambers v. Maroney, 399 U.S. 42, 46–52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Chimel v. California, 395 U.S. 752, 764 n.9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). We must, therefore, reject appellant's Fourth Amendment arguments.

 As to the assault with a dangerous weapon, there was testimony that appellant picked up the gun (which was fully loaded and operable) from the front car seat and pointed the gun at Officer Triggs. Officer Likeout then yelled to Officer Triggs that appellant had a gun pointed in his direction. Thereupon, Officer Triggs grabbed appellant, pulled him from the car and caused him to drop the gun. From such evidence it was permissible for the court to conclude that Officer Triggs had a well-grounded apprehension of personal injury which was accompanied by an apparent attempt to commit a violent personal injury and which was only prevented by the acts of Officer Triggs himself. This is sufficient proof of the offense.[4]

The judgment of the lower court is Affirmed.

FAHY, Senior Circuit Judge, concurs in the result.

---

3. It is clear that when the officers initially stopped the vehicle, they intended only to make reasonable inquiry of its occupants, as demonstrated by Officer Like-out's initial request to see the driver's license and registration.

4. *See generally* 6 C.J.S. Assault and Battery §§ 61, 62, pp. 916, 917 (1937).