STATE OF HAWAII, Plaintiff-Appellee *v.* BARTOLOME VALMOJA, Defendant-Appellant

NO. 5706

SEPTEMBER 23, 1975

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR and KIDWELL, JJ.

*Per Curiam*. This appeal is from a conviction of assault in the third degree after a trial before the district judge. The appeal presents the question whether the manner in which the district judge conducted the trial denied a fair trial to the defendant. Since we find it necessary to reverse, we will comment on only two of the alleged errors.

Subpoenas issued at the request of the defendant were served 10 days prior to the trial for three defense witnesses, of whom only one appeared at the trial. A continuance requested by the defendant at the outset of the trial because of the absence of two of the subpoenaed witnesses was denied by the district judge. At the trial, the defendant and the one of the subpoenaed witnesses who appeared both testified in support of an alibi and also testified that one of the absent witnesses was present at the time and place of the alibi. After the defendant had testified on direct examination and the prosecution had completed its cross examination, the district judge asked the defendant a series of questions. The defendant suffered from obvious language and educational deficiencies. Counsel for the defendant sought an opportunity to ask additional questions of the defendant, which the district judge refused. Defendant asserts as error the denial of the requested continuance and the refusal to permit further examination of defendant by his counsel.

The State asserts lack of diligence on the part of counsel for the defendant as justification for the denial of the continuance. However, after service of subpoenas on the absent witnesses a reasonable time prior to the trial date, counsel for the defendant did not demonstrate any lack of diligence by relying on their appearance if he had no cause to believe they would not appear, of which there is no evidence. The materiality of their testimony was not inquired into by the district judge in denying the continuance. Since the materiality of the testimony of at least one of the absent witnesses with respect to the defendant's alibi defense became apparent during the trial, this omission was clearly prejudicial. The defendant in a criminal prosecution is entitled to compulsory process for obtaining witnesses in his favor. *Washington v. Texas*, 388 U.S. 14 (1967). By denying the motion for continuance when

defense counsel had acted diligently to procure the absent witnesses and their testimony was relevant and material to the defense, the district judge denied this right to the defendant. *State v. Eller,* 508 P.2d 1045, 8 Wash. App. 697 (1973).

The district judge appears to have become convinced of the defendant's lack of credibility as a result of the examination to which he subjected the defendant. The record suggests no other explanation of his refusal to apply the concededly usual rule that the party who calls a witness may re-examine him to explain any cross-examination. This has been said to be in the discretion of the trial court. *Faust v. United States,* 163 U.S. 452 (1896). However, here it was the defendant's own testimony which was excluded. The privilege of a defendant in a criminal proceeding to give evidence in his own behalf may not be denied without good cause. HRS § 621-15. *Cf., United States v. Ives,* 504 F.2d 935 (9th Cir. 1974). We do not find it necessary to consider under what circumstances the trial court may limit the testimony of a defendant in a criminal case, since it is apparent that the court's action in this case exceeded the bounds of any permissible discretion.

The conviction is reversed and the case is remanded for a new trial.

*Mark M. Nomura,* Deputy Public Defender *(Edgar R. Worth,* Deputy Public Defender, with him on the briefs), for defendant-appellant

*George F. St. Sure,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee