STATE OF HAWAII, Plaintiff-Appellee, Cross-Appellant, *v.*
RICHARD SAVITZ, Defendant-Appellant, Cross-Appellee

NO. 8522

(CIVIL NO. 55847)

FEBRUARY 29, 1984

LUM, C.J., NAKAMURA, PADGETT,
HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Defendant-Appellant/Cross-Appellee Richard Savitz (Defendant) appeals his conviction following a jury trial in the First Circuit Court for violating Hawaii Revised Statutes § 705-520.[1] The sole issue on appeal is whether the trial court committed reversible error in denying Defendant's motion to compel the attendance of Terry Guy as a witness for the defense.[2]

---

[1] § 705-520 *(1972) Criminal conspiracy.* A person is guilty of criminal conspiracy if, with intent to promote or facilitate the commission of a crime:

(1) He agrees with one or more persons that they or one or more of them will engage in or solicit the conduct or will cause or solicit the result specified by the definition of the offense; and

(2) He or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

[2] Three others were indicted with Defendant. They do not join in this appeal.

The State cross-appeals and claims that the trial court erred in denying the introduction of a communication between Defendant's attorney and Defendant. In view of our holding herein, it is unnecessary to decide the cross-appeal.

## I.

On the night of December 22, 1980, Kenneth Sugimoto's Mott-Smith Drive home was burglarized and his collection of samurai swords valued at approximately $35,000 was stolen. In connection with this burglary, Defendant was indicted on three counts: (1) criminal conspiracy; (2) burglary in the first degree; and (3) attempted theft in the first degree.

The prosecution's chief witness, Daniel Guy (Guy), took part in the burglary and theft, allegedly as a police informant. Guy provided the key testimony in implicating Defendant in the planning and commission of the crimes charged.

Between the time of the burglary and the trial, Guy was placed in protective police custody somewhere on the mainland, U.S.A. His wife, Terry Guy (Terry), was relocated with him. For the trial, the prosecution arranged for Guy's return to Hawaii unaccompanied by Terry.

Defendant, prior to the commencement of trial, orally moved for an order to compel the attendance of Terry as a witness for his defense. The motion was denied.

After a lengthy trial, the jury convicted Defendant of criminal conspiracy but acquitted him of the burglary and attempted theft charges.

## II.

The Sixth Amendment to the United States Constitution,[3] made applicable to the states through the Fourteenth Amendment, and

---

[3] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of Counsel for his defence."

Article I, Section 14 of the State Constitution[4] confer upon the accused in criminal prosecutions the right to compulsory process for obtaining witnesses in his favor. *Washington v. Texas,* 388 U.S. 14 (1967); *State v. Valmoja,* 56 Haw. 452, 540 P.2d 63 (1975); *State v. Bullen,* 63 Haw. 27, 620 P.2d 728 (1980). That right, however, is not without limitations. *State v. Mitake,* 64 Haw. 217, 638 P.2d 324 (1981). "One such limitation is that a defendant is only afforded the right to compel attendance and testimony of witnesses who can give relevant and beneficial testimony for the defense." *Id.* at 225, 638 P.2d at 330.

In *State v. Mitake, supra,* this court held that "before this Court can overturn a conviction based upon a claim of denial of compulsory process, it must be shown that the testimony denied the defendant would have been helpful to him." *Id.* at 225, 638 P.2d at 330. Likewise, the U.S. Supreme Court recently stated that to establish a violation of his constitutional right to compulsory process, the defendant must "make some plausible showing of how [the] testimony would have been material and favorable to his defense." *United States v. Valenzuela-Bernal,* 458 U.S. 858, 867 (1982).

Defense counsel made two offers of proof to the trial court. The first was that if Terry were called as a witness, she could establish that Defendant was not present at the scene of the burglary. Defendant, however, was acquitted of the burglary charge, thereby, disposing of the contention that the trial court erred in denying compulsory process based on this offer of proof. The other offer of proof was "that she [Terry] knew that Defendant was not involved in the burglary because she had been privy to conversations with the chief prosecution witness Daniel Guy and in all likelihood with the investigating officer Kaalele with the Honolulu Police Department." (Tr.

---

[4] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the district wherein the crime shall have been committed, which district shall have been previously ascertained by law, or of such other district to which the prosecution may be removed with the consent of the accused; to be informed of the nature and cause of the accusation; to be confronted with the witnesses against the accused; to have compulsory process for obtaining witnesses in the accused's favor; and to have the assistance of counsel for the accused's defense. Juries, where the crime charged is serious, shall consist of twelve persons. The State shall provide counsel for an indigent defendant charged with an offense punishable by imprisonment."

November 9 and 10, 1981, Vol. I at 14.) Whether Terry had participated in or had been privy to any conversations which would absolve Defendant from the criminal charges is purely conjectural and without any foundation nor supported by any basis in fact. *See State v. Mitake, supra.*

Defendant argues that Terry's testimony will reveal that she had sexual relations with Defendant and therefore Guy had a motive to implicate Defendant. At trial, Defendant testified that he had sexual relations with Terry. This statement was apparently made to impeach Guy's testimony by implying that Guy was "out to get him." Testimony was also elicited from Guy that he [Guy] had struck a deal with the Prosecutor's Office for immunity on the burglary charge and leniency on a pending drug charge in exchange for his testimony. Terry's testimony would have been cumulative at best inasmuch as the question of Guy's motive was raised before the jury. When evaluated in the context of the entire record, *U.S. v. Valenzuela-Bernal, supra,* we conclude that Terry's corroborating testimony of having had sexual relations with Defendant is not material and relevant to his defense.

We find that Defendant has failed to adequately show that Terry's testimony would be relevant, material, and favorable to his defense. Accordingly, Defendant cannot now complain that his right to compulsory process was violated.

The trial court's denial to compel the attendance of Terry as a witness is affirmed.

*Keith Shigetomi (Keith Tanaka,* certified law student, and *Alvin T. Sasaki* on the briefs), Deputy Public Defenders, for defendant-appellant, cross-appellee.

*Peter Van Name Esser (Shirley Smith* and *Gary A. Modaferri* on the briefs), Deputy Prosecuting Attorneys for plaintiff-appellee, cross-appellant.