STATE OF HAWAII, Plaintiff-Appellee *v.* FRANK COMMENDADOR, JR., Defendant-Appellant

NO. 8321

(CRIMINAL NO. 53610)

APRIL 9, 1984

LUM, C.J., NAKAMURA, PADGETT, WAKATSUKI, JJ.,
AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE
JAMES S. BURNS, IN PLACE OF HAYASHI, J., DISQUALIFIED

OPINION OF THE COURT BY LUM, C.J.

Following a jury trial, Frank Commendador, Jr., was convicted of Robbery in the First Degree. He appeals from his conviction,

and we reverse on the grounds that the trial court erred in denying Commendador's request to have two identification witnesses testify, even though certain portions of their identification testimony had been successfully suppressed.

On August 27, 1979, the Aiea Branch of the First Hawaiian Bank was robbed of over $6,000 by an armed man wearing a stocking mask. There were several witnesses to the robbery who testified at trial. Only one, Terry Suehiro, was allowed to testify identifying Commendador as a man she had seen outside the bank shortly before the robbery. Commendador had succeeded in suppressing the identification testimony of two other witnesses, Randy Stanley and Jean Shinsato, since police procedures were impermissibly suggestive at the live line-up and tainted their identifications. However, he attempted to call Stanley and Shinsato at trial to testify about their descriptions of the robbery suspect which were made *prior* to the tainting by police, since these descriptions were inconsistent with his personal appearance, and were not affected by impermissible suggestion by police. The trial court would not allow any description testimony at all, and we find this to be error.

It has long been recognized that a defendant in a criminal prosecution is entitled to call witnesses in his own behalf. *State v. Valmoja*, 56 Haw. 452, 540 P.2d 63 (1975) (per curiam); *State v. Leong*, 51 Haw. 581, 465 P.2d 560 (1970). The Hawaii Constitution, Art. I, § 14 provides: "In all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor . . . ."[1] However, based upon the record before us here, we reverse this case only on the ground that the lower court absolutely prohibited description testimony by Stanley and Shinsato. The ruling was a broad, general prohibition and did not address the constitutional arguments made by counsel; it provides as follows:

> THE COURT: . . . In looking at it in the totality of the law, description is part of the identification. And the Court is not going to permit it at this time.
>
> MS. YUEN: Unless the identification of the witness was

---

[1] Our Constitution is patterned after the United States Constitution, Amendment VI. The Sixth Amendment applies to the states through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400 (1965).

given to the police prior to any, prior to the whole thing was gotten into.

THE COURT: The Court is going to deny the motion. *The Court will not permit any testimony with respect to descriptions by this witness.*

. . . .

MS. YUEN: What can the witness testify to? He should be allowed —

THE COURT: He can testify that he saw somebody running.

MS. YUEN: What else will he be allowed to testify to?

THE COURT: *Anything that does not have to do with the description of the individual.*

(Emphasis supplied.)

As the above ruling reveals, no description testimony was allowed at all. The argument on appeal by the parties seems to center on the question of whether the State would have been free to cross-examine these witnesses regarding their suppressed statements had they been called by appellant. Unfortunately, the record is clear that the trial judge's ruling cannot be interpreted as presenting such a question on appeal. Since Commendador's constitutional rights were violated by the limitation on the witnesses' testimony, we reverse.

*Richard K. Perkins* (*Renee M. L. Yuen* with him on the briefs) for defendant-appellant.

*Peter Van Name Esser* (*Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.